Mary D. Govatos, Appellant, *v.* The Redevelopment Authority of the County of Montgomery, Appellee.

Argued October 2, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*C. Edmund Wells,* with him *Arthur F. Loeben, Jr.,* and *Wells, Campbell & Wells,* for appellant.

*Paul D. North,* with him *Duffy, North, Duffy & Wilson,* for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, January 18, 1974:

This is an appeal from an order of the Court of Common Pleas of Montgomery County sustaining preliminary objections to a complaint in assumpsit, which complaint alleges a right in the owner of condemned property to delay compensation under Section 611 of the Eminent Domain Code of 1964, Special Sess., June 22, P. L. 84, 26 P.S. §1-611 (Supp. 1973-1974) (hereinafter Code).

Appellee, Redevelopment Authority, filed a declaration of taking of appellant's property on June 3, 1970. A jury of view was appointed and on November 4, 1971, the viewers filed their report and award, assessing appellant property owner's damages at $310,000.00. No appeal was taken therefrom.

In addition to fixing the total damages, the viewers' report contains a statement that pursuant to an agreement between attorneys for both parties the issue of delay compensation would be a matter for settlement or separate litigation. Appellee paid appellant the full amount of the viewers' award on December 3, 1971.

After negotiations to resolve the issue of delay compensation had failed, appellant filed a complaint in assumpsit in the lower court to which appellee filed preliminary objections in the nature of a motion to strike for want of compliance with procedural rules governing actions in assumpsit, and in the nature of a demurrer for want of stating a cause of action in assumpsit. Appellant then filed preliminary objections to appellee's preliminary objections which, in essence, highlighted the issue of whether assumpsit is a proper form of action to assert a claim for delay compensation.

The lower court, without passing upon this issue, sustained appellee's preliminary objections by reaching and deciding the substantive issue under the law and the facts admitted by the pleadings. It concluded that appellant was not entitled to delay compensation; presumably, regardless of the form of action or proceedings employed to test such a claim.

No purpose would be served and only further expense and delay would be encountered by the parties if we were to remand this case to the lower court for further consideration of this procedural nicety. Having carefully reviewed the admitted facts as disclosed in the pleadings and being of the opinion that the lower court correctly concluded the substantive issue that appellant under those facts is not as a matter of law entitled to delay compensation, we will affirm the lower court. In doing so, however, we express no opinion as to the appropriateness of assumpsit as a form of action by which a claim for delay compensation may be asserted.[1]

---

[1] In *Rawls v. Central Bucks Joint School Building Authority*, 8 Pa. Commonwealth Ct. 491, 303 A. 2d 863 (1973), and *Jacobs v. Nether Providence Township*, 6 Pa. Commonwealth Ct. 594, 297 A. 2d 550 (1972), we felt it necessary to judicially enunciate procedures to be employed in several aspects of eminent domain proceedings not covered by the Code. We did so to afford a means to ultimate disposition of those cases and others like them on the merits without which they would lie in a procedural limbo.

We now turn to the substantive issue decided by the lower court. Section 611 of the Code, the provisions of which control this question, provides as follows: "The condemnee *shall not be entitled to compensation for delay in payment during the period he remains in possession after the condemnation,* nor during such period shall a condemnor be entitled to rent or other charges for use and occupancy of the condemned property by the condemnee. Compensation for delay in payment shall, however, be paid at the rate of six per cent per annum from the date of relinquishment of possession of the condemned property by the condemnee, or *if the condemnation is such that possession is not required to effectuate it, then delay compensation shall be paid from the date of condemnation*: Provided, however, That no compensation for delay shall be payable with respect to funds paid on account, or by deposit in court, after the date of such payment or deposit. Compensation for delay shall not be included by the viewers or the court or jury on appeal as part of the award or verdict, but shall at the time of payment of the award or judgment be calculated as above and added thereto. There shall be no further or additional payment of interest on the award or verdict." (Emphasis added.)

The admitted facts are that appellant was, and in fact still is, in possession, the only question is whether she comes within the limited exception contained in the second sentence of Section 611.

Appellant contends that possession is not required to "effectuate" the condemnation because the declaration of taking effectuates the condemnation and thus appellant is entitled to delay compensation. To reach this result appellant seizes upon the word "effected" in Section 402 of the Code and equates it in meaning to the word "effectuate" found in Section 611 without regard to the context in which these derivatively similar words are employed. At best, this contention is but a

play on words which, if adopted, would totally emasculate the first sentence of Section 611 of any meaning whatsoever and produce an absurd result contrary to the meaning of Section 611 considered in its entirety and as buttressed by other sections of the Code.

Section 402 of the Code, 26 P.S. §1-402, in subsection (a), provides that "[c]ondemnation . . . shall be effected only by the filing in court of a declaration of taking, with such security as may be required . . . and thereupon the title which the condemnor acquires . . . shall pass to the condemnor on the date of such filing, and the condemnor shall be entitled to possession as provided in section 407." Section 407, 26 P.S. §1-407, in turn provides that "(a) The condemnor, after the expiration of the time for filing preliminary objections by the condemnee to the declaration of taking, shall be entitled to possession . . ." upon meeting certain security requirements with respect to estimated just compensation.

Considering these three sections together, the word "effected" as employed in Section 402 means that the passage of title condemned takes place (is effected) upon the filing of the declaration but without any possessory rights in the condemnor at that time, which right of possession ripens only upon condemnor's compliance with the provisions of Section 407. On the other hand, Section 611 which addresses itself specifically to the subject of delay compensation, in the first sentence thereof clearly and unequivocally denies a condemnee any right to delay compensation while he remains in possession. Later portions of this same section then recognize and make provision for the out-of-ordinary or exceptional situation in which a condemnation not initiated by a declaration of taking under the Code—de facto or otherwise—legally exists but possession by the condemnor is not a necessary ingredient to produce that result as a matter of law. In such cases

the Legislature wisely declared that delay compensation runs from the date of any such condemnation.

In the case at bar, the record reveals that the declaration of taking condemned a fee simple interest in the subject premises for the purpose of clearing an urban renewal area in the Borough of Royersford, Montgomery County. Such a project will at some time require possession by the appellee, Redevelopment Authority, and thus this condemnation initiated under the Code by a declaration of taking cannot be included within the limited exception of Section 611.

While not seriously pressed at argument, appellant also asserts an impairment of her constitutionally protected property rights in a statutory denial of delay compensation to her while she remains in possession after the declaration of taking and before the condemnor's right of possession becomes operative under Section 407 or is invoked pursuant to said section. While delay compensation has been repeatedly declared by case law to be a necessary ingredient of "just compensation" required to be paid to property owners upon the exercise of the power of eminent domain, appellant has pointed to no decisions and we have found none which so hold where the initiation of the condemnation does not carry with it a right of possession, whether or not exercised by the condemnor. As noted above, the Code affords no right of possession in the condemnor at the time a condemnation is effected upon the filing of a declaration of taking and the constitutional right to delay compensation is equated to condemnor's right of possession or, under exceptional circumstances mentioned above, to the date of condemnation. This statutory scheme in our opinion fully protects appellant's constitutional rights to delay compensation as announced by decisional law.

Appellant also contends that since the lower court decided this case after a hearing on only the "short"

argument list that she was not given an opportunity to fully brief and argue the merits of the case. As we have fully considered her position on appeal and find it without merit, this point is moot.

The order of the lower court is affirmed.