Nicholas Kovacs & Housing Improvement Corporation, Appellants, *v.* Redevelopment Authority of the City of Philadelphia, Appellee, and Sarah Goodman, Intervening Appellee.

Sarah Goodman, Appellant, *v.* Redevelopment Authority of the City of Philadelphia and Housing Improvement Corporation, Appellees.

Argued October 9, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Charles Polis,* with him, of counsel, *Polis and Polis,* for Sarah Goodman.

*Nicholas Scafidi,* with him *Peter A. Galente, Thomas ·D. Watkins* and *Flora E. Roomberg,* for Redevelopment Authority of the City of Philadelphia.

*William P. Cole,* with him *Robert J. Zinn,* for Nicholas Kovacs and Housing Improvement Corporation.

OPINION BY JUDGE ROGERS, November 26, 1974:

Before us are two appeals from orders of the Court of Common Pleas of Philadelphia County in an eminent domain case. The history of the litigation between the protagonists, Sarah Goodman and Nicholas Kovacs, is complex. It is also unedifying and we will confine our recital to the bare essentials.

Goodman delivered to Kovacs $24,000 which he was to use to purchase income producing properties for Goodman. Kovacs bought the properties but placed them in the name of Housing Improvement Corporation, a corporation owned by him. Kovacs also refused to account for or pay over rentals received from the properties. In February 1968, Goodman brought an action in equity against Kovacs and Housing Improvement Corporation, seeking an order directing the con-

veyance to Goodman of the properties purchased with her funds and an accounting. A general judgment was entered in favor of Goodman and against Kovacs and Housing Improvement Corporation for failure to file an answer, and on December 12, 1968 a final decree was entered for the relief requested, to wit, convey-ance by the defendants of the properties to Goodman and an accounting to her for rents. On May 5, 1969, Goodman's counsel by petition and rule obtained another order from a judge of the court below directing Kovacs and Housing Improvement Corporation to convey and deliver possession of the properties to Goodman and to account for rents. Goodman's counsel did not file the May 5, 1969 order in the prothonotary's office. Instead, on May 7, 1969, he entered into an agreement between himself as Goodman's counsel and Kovacs, by which the latter was to pay to the former, presumably in his representative capacity, $27,292.80 in installments. Kovacs further agreed on default to present himself to the court "for compli-ance" with the May 5, 1969 order.

On September 30, 1970 the Redevelopment Author-ity of Philadelphia filed a Declaration of Taking of premises 732 North 19th Street, Philadelphia, owned by Housing Improvement Corporation. *This property was not one purchased with Goodman's funds and was not a subject of the orders in the equity action.*

On October 23, 1970, Kovacs being allegedly in default under the agreement of May 7, 1969, Goodman's counsel filed in the equity action a document called an Assessment of Damages which recited that Kovacs owed a balance of $17,486.43 *on the agreement of May 7, 1969.* The prothonotary seems not actually to have assessed damages in that or any amount and no money judgment was then or at any other time entered in favor of Goodman and against Kovacs or Housing

Improvement Corporation.[1]

In December 1971, Goodman's counsel presented to a judge of the court below a petition in the condemnation action that his client be permitted to intervene as successor owner entitled to damages. While the petition artfully avoids explicit representations either that Goodman had a money judgment or that the 19th Street premises was one of the properties included in the court's orders of conveyance, both were implied. The court below by order made February 1, 1972, granted the relief exactly as requested. Goodman was permitted to intervene as *successor owner,* the condemnation proceeds were ordered paid to her and in addition Kovacs and Housing Improvement Corporation were ordered to pay Goodman $500 per week.[2]

In August 1973, Kovacs and Housing Improvement Corporation filed a petition to strike or vacate the February 1, 1972 intervention order. The prayer of their petition was denied by the court below on October 10, 1973. One of two matters before us are Kovacs' and Housing Improvement Corporation's appeals from this order.

Ordinarily, an order permitting intervention is interlocutory and not appealable. *Sailor Planing Mill & Lumber Company v. Moyer,* 35 Pa. Superior Ct. 503 (1908). *See* 15 A.L.R. 2d 333. *A fortiori,* an order refusing to vacate an order permitting intervention filed 18 months later would be unappealable. This, however, was no ordinary order permitting interven-

---

[1] Nor could a money judgment have been lawfully entered by the prothonotary in the fashion suggested in this equity case. Pa. R. C. P. No. 1511.

[2] While it is not pertinent to these appeals, we further note that Goodman's counsel subsequently used this February 1, 1972 order in the condemnation case as support for a writ of attachment in the equity case under which Kovacs was actually imprisoned for a time in May of 1972.

tion. It declared Goodman to be the owner of a property in which she had no interest, and it ordered the condemnor to pay her compensation for its taking. This, and the further fact that Goodman's counsel was, when the order was entered, in possession of a written power of attorney to represent Housing Improvement Corporation in the condemnation case, compel us, we believe, to review the order complained of.

Goodman should not have been permitted to intervene. Section 506(b) of the Eminent Domain Code, Act of June 22, 1964, Special Sess. P. L. 84, *as amended*, 26 P.S. §1-506(b) (Supp. 1974-1975), provides: "[t]he court may permit a mortgagee, *judgment creditor or other lienholder* to intervene in the proceedings where his interest is not adequately protected . . . ." (Emphasis supplied.)

Goodman was not a judgment creditor by virtue of her counsel's having filed a so-called Assessment of Damages in the equity suit alleging the breach of an agreement to pay her money, and she was not a lienholder by virtue of court orders in the same suit ordering the conveyance to her of properties other than the one which was the subject of the eminent domain case.[3] Of equal impropriety, of course, was that portion of the lower court's order directing the condemnee and its principal stockholder to pay the intervening "successor owner" $500 a week.

Damages of $10,000 for the condemnation of the North 19th Street property were awarded by a jury of view in June 1972. Estimated just compensation in the amount of $8000 was paid by the Redevelopment

---

[3] Furthermore, as pointed out later in this opinion, since the Assessment was filed three weeks after the Declaration of Taking, Goodman was not in any event entitled to share in distribution of the proceeds by Section 521 of the Eminent Domain Code, 26 P.S. §1-521.

Authority in April 1971. About $1800 of this was, by agreement of Kovacs and Housing Improvement Corporation, paid to Goodman apparently on account of her claim described in the equity suit, and the balance paid to discharge liens on the property. When, in or about August 1973, Goodman's counsel, armed with the order of intervention of February 1, 1972 in the condemnation action and the various orders and filings in the equity suit sought payment to him or his client of the balance of $2000, he was met by the Authority's claim for set-off of $1400 for rent or occupancy from April 1971. Goodman then filed a petition for a rule to show cause why she should not be paid the balance of $2000 without set-off, plus compensation for delay and $500 for attorney's and appraisal fees authorized by Section 610 of the Code, 26 P.S. §1-610, and further, why the fund should not be subject to a charging lien of Goodman's counsel in the amount of $800. This application was denied by the court below on October 10, 1973. Sarah Goodman's appeal from this action of the court below is the second matter now before us.

Section 521 of the Eminent Domain Code, 26 P.S. §1-521 provides that damages payable to a condemnee shall be subject to a lien for "judgments and other liens of record against the property . . . *existing at the date of the filing of the declaration of taking.*" The Declaration of Taking having been filed September 30, 1970, and the Assessment of Damages to which Sarah Goodman refers as her judgment having been filed October 23, 1970, she obviously has no present right to share in distribution of the damages.

As for the Authority's claim for set-off, we have concluded that it may not be asserted simply by refusing to pay the award but should be pursued by petitioning the court to distribute damages as pro-

vided by Section 521, 26 P.S. §1-521. In such proceedings the Authority's claim (the nature of which is not clearly disclosed in the record and the propriety of which, based on the meager information which is disclosed, we have serious doubts) as well as the condemnee's claim for damages for delay in payment, and counsel's claim for a charging lien, can all be litigated and determined after an evidentiary hearing, if necessary.

Accordingly, in the appeal of Kovacs and Housing Improvement Corporation to our No. 1449 C.D. 1973, the lower court's order of October 10, 1973 is reversed and its order of February 1, 1972 permitting intervention of Sarah Goodman as successor owner is vacated. In the appeal of Sarah Goodman to our No. 1483 C.D. 1973, the lower court's order of October 10, 1973 denying the prayer of appellant's petition to compel the Redevelopment Authority to make the payments therein described is affirmed, and the Redevelopment Authority, an appellee herein, is directed to file a petition for distribution of the unpaid amount of the award of the jury of view, pursuant to Section 521 of the Eminent Domain Code.