County of Bucks, Appellant *v.* .800 Acres of Land In The Township of Middletown, County of Bucks, State of Pennsylvania, Joseph Wingert and Philip Dougherty, Trustees, Tax Map Parcel 22-76-3, D.B. 1820/1122, 12/26/65.

County of Bucks, Appellant *v.* 1.673 Acres of Land In The Township of Middletown, County of Bucks, State of Pennsylvania, Thomas P. Carney and Teresa M. Carney, His Wife, Owners Tax Map Parcels 22-76-1 and 22-76-2.

Argued April 7, 1977, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three. Reargued October 4, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS and BLATT.

*John M. McClure*, Assistant Solicitor, with him *Peter A. Glascott*, Solicitor, for appellant.

*William F. Schroeder*, with him *C. David Krewson*, and *Stuckert, Yates & Krewson*, for appellees.

OPINION BY JUDGE WILKINSON, JR., November 17, 1977:

450

This is an appeal from a decision of the Court of Common Pleas of Bucks County awarding delay compensation to the appellees from the date of the filing of the declaration of taking. We reverse, finding that the lower court erred in holding that possession by the appellant County of Bucks was not necessary to effectuate a taking of the property involved.

This condemnation proceeding arises under the provisions of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-101 et seq. (Code). It involves two parcels of land in Bucks County, one containing 1.673 acres of land (Carney), and the other possessing .800 acres (Wingert/Dougherty, trustees). While these two cases were never formally consolidated by the court below, they have always been treated as one case, and were consolidated by this Court for the purposes of argument. We shall continue to consider them as involving one litigation.

The County of Bucks, by a declaration of taking filed on August 12, 1969, acquired the perpetual right, power, privilege and easement occasionally to overflow, flood and submerge these two properties, in anticipation of constructing a recreation and flood control dam. After the declaration of taking was filed, petitions for the appointment of Boards of View were docketed on September 16, 1969. Hearings were held on January 26 and March 8, 1973, and the report and award of the Board was docketed on November 8, 1973. These awards gave the appellees delay compensation calculated from August 12, 1969, the date of the filing of the declaration of taking. Payment of the estimated just compensation was made on January 14, 1974.

Both landowners appealed from the awards of the Boards of View, and a jury trial was then held in the Court of Common Pleas of Bucks County. On September 10, 1975 verdicts were returned in the amount of

$33,000 for the Carney property, and $10,000 for the Wingert/Dougherty, trustees, property. The issue of delay compensation was separately considered by the court below, which held in an order dated December 11, 1975, that delay compensation be paid to the condemnees from the date of the filing of the declaration of taking. The County of Bucks then appealed that decision to this Court.

The owners of the two tracts of land involved in this litigation have at all times remained in possession of their land. The provisions of Section 407 of the Code, 26 P.S. §1-407, were not invoked by either party prior to the payment of the estimated just compensation.[1] Thus, the sole issue presented in this case is whether the condemnees are entitled to delay compensation even though they have remained in possession of their land.

Section 611 of the Code, 26 P.S. §1-611, provides as a general rule that a condemnee shall not be entitled to compensation for delay in payment during the period he remains in possession after a condemnation. Section 611 also provides, however, that delay compensation shall be paid to the condemnee at the rate of six per cent per annum, from the date of condemnation, if the taking "is such that possession is not required to effectuate it." The court below, finding that the condemnee has all the possession it will ever require in order to exercise its possessory rights, held that delay compensation should be paid from the date of the filing of the declaration of taking. Based on our decisions in *Commonwealth v. Upholzer*, 18 Pa. Commonwealth Ct. 102, 334 A.2d 812 (1975), and *Govatos v. Redevelop-*

---

[1] It seems important to note that this section of the Code provides a method for a condemnee to obtain the payment of the estimated just compensation if the condemnor does not take possession or exercise his possessory rights.

*ment Authority of the County of Montgomery,* 11 Pa. Commonwealth Ct. 529, 314 A.2d 536 (1974), we reverse.

The lower court discussed *Govatos, supra,* and distinguished it by concluding that the condemnor in *Govatos* would one day have possession in order to "effectuate" the condemnation, *i.e.,* clearing the land of structures, and, therefore, did not come within the exception. By the same token in the instant case, the condemnor must one day have possession in order to "effectuate" the condemnation, *i.e.,* flooding the property.

A good analysis of this problem appears in Dempsey, *Eminent Domain Developments Revisited,* 46 PA. BAR ASS'N Q. 176 (1975). The article supports President Judge BOWMAN's analysis of Section 611. In addition, it supplies a few examples of where the exception would apply.

> One can think however of consequential damage cases arising under Section 612 such as damages resulting from a change of grade of a road or highway or permanent interference with access to a road or highway or injury to surface support, where no property is taken. Changes made within the legal right-of-way line of a highway would not require any possession from the property of the owner lying outside of the legal right-of-way line.

> One could imagine also instances where a declaration of taking would be filed condemning what might be called a negative easement not requiring possession. For example, a condemnation prohibiting the erection of advertising devices or a condemnation of a clear sight angle. In both of these examples the condemnor does not ever really undertake to occupy the con-

demned premises but merely to preclude the condemnee from occupying the property in a specified fashion. (Footnote omitted.)

*Id.* at 184.

We believe that this is a situation where possession is necessary to effectuate a taking of the property in question. This possession will occur through the flooding of appellees' property following construction of the dam. The fact that this flooding will occur only occasionally, and that it will occur at some future time or times which cannot now be determined, is irrelevant. In addition, the fact that there is no need to clear the land of any structures does not render this taking non-possessory, as Judge MENCER's opinion in *Upholzer, supra,* must surely make clear. In that case, the land was taken under the Commonwealth's Project 70 Land Acquisition Program for the purposes of preserving it in its natural state. The fact that there was to be no physical change in the condition of the land did not, we held, render the taking non-possessory. Thus, we must hold that this is indeed a situation where possession is necessary to effectuate a taking, and that, therefore, the appellees are not entitled to delay compensation.

Accordingly, we will enter the following

ORDER

Now, November 17, 1977, the decision of the Court of Common Pleas of Bucks County, in Nos. 3967 and 3968 May Term 1969, Proceeding in Rem, dated December 11, 1975, is hereby reversed, and the County of Bucks is relieved of any obligation to pay the condemnees delay compensation for the condemnation of their lands.

Judge CRUMLISH, JR. dissents.