Kathryn M. Hassett, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent. (2 Cases)

Argued December 6, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT and DiSALLE.

*Robert E. Slota,* with him *Murphy and Slota,* for appellant.

*Michael L. Brint,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, March 27, 1978:

Kathryn M. Hassett (condemnee) appeals here from an order of the Court of Common Pleas of Delaware County which denied her request that she be paid delay compensation from the date her property was condemned by the Pennsylvania Public Utility Commission (PUC).

The property here concerned was condemned by order of the PUC on October 31, 1969 for use in the construction of an interstate highway project. In November 1975 the determination of damages due the

condemnee was submitted at the condemnee's request to the court of common pleas pursuant to Section 411 of the Public Utility Law[1] (Law), 66 P.S. §1181, and she made motions there both for summary judgment and for judgment on the pleadings seeking delay compensation from the date of condemnation by the PUC to the date of payment of just compensation. The court denied both motions, holding that the determination of damages due the condemnee was controlled by Article VI of the Eminent Domain Code[2] (Code) and that, because the condemnee had remained in possession of the property since the date of condemnation, delay compensation was not available to her. This appeal followed.

There are no facts in dispute. The sole legal issue presented here is what is the law to be applied for the determination of damages when an eminent domain case is referred from the PUC to the court of common pleas pursuant to Section 411 of the Law, 66 P.S. §1181. The condemnee argues that, because the taking was effected under Section 409 of the Public Utility Law, 66 P.S. §1179 and not under the Eminent Domain Code, the Eminent Domain Code does not apply to the proceeding and the pre-code common law applies with respect to delay compensation payable to the condemnee. *See, e.g., Stine v. Department of Transportation,* 26 Pa. Commonwealth Ct. 292, 364 A.2d 745 (1976). We disagree.

Section 303 of the Eminent Domain Code, 26 P.S. §1-303, provides in pertinent part:

It is intended by this act to provide a complete and exclusive procedure and law to govern all condemnations of property for public pur-

---

[1] Act of May 28, 1937, P.L. 1053, *as amended,* 66 P.S. §1101 et seq.

[2] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §101 et seq.

poses *and the assessment of damages therefor,*
... Provided, however, That nothing in this act
shall be deemed to affect, vary, alter or modify
the jurisdiction or power of the Public Utility
Commission of the Commonwealth of Pennsyl-
vania. .... (Emphasis added.)

The procedure by which the determination of damages
due the condemnee, was submitted to the court of com-
mon pleas is contained in Section 411(a) of the Pub-
lic Utility Law, 66 P.S. §1181(a), which provides in
relevant part:

[T]he commission may, of its own motion, or
upon application of any party in interest, sub-
mit to the court of common pleas of the county
wherein the property affected is located, the
determination of the amount of damages to any
property owner due to such condemnation, for
which purpose such court shall appoint viewers,
from whose award of damages an appeal to said
court shall lie on the part of any person or
party aggrieved thereby, *under the general law
applicable to the appointment of viewers, for
the ascertainment of damages due to the con-
demnation of private property for public use.*
(Emphasis added.)

Reading these two sections together, we believe that
it was the legislative intent that all assessments of
damages resulting from the condemnation of private
property for public purposes must be determined
when submitted to courts of common pleas pursuant
to the relevant provisions of the Eminent Domain
Code. This conclusion is supported by the plain lan-
guage of both sections which together provide that,
upon the appropriate motion, a court of common pleas
may determine the damages due to the condemnation
by the PUC of private property for a public use and
that the Eminent Domain Code furnishes the complete

and exclusive procedure to govern the assessment of damages for all condemnations of property for public purposes.[3] The arguments of the condemnee to the contrary are unpersuasive.

Section 611 of the Eminent Domain Code, 26 P.S. §1-611, concerns the payment of delay compensation and provides in pertinent part:

The condemnee shall not be entitled to compensation for delay in payment during the period he remains in possession after the condemnation. . . .

It is undisputed here that condemnee has remained in possession of the property ever since it was condemned by the PUC. She is, therefore, ineligible for delay compensation under Section 611 of the Code. *See County of Bucks v. .800 Acres of Land in Middletown Township*, 32 Pa. Commonwealth Ct. 448, 379 A.2d 903, (1977); *Commonwealth v. Upholzer*, 18 Pa. Commonwealth Ct. 102, 334 A.2d 812 (1975); *Govatos v. Redevelopment Authority of the County of Montgomery*, 11 Pa. Commonwealth Ct. 529, 314 A.2d 536 (1974).

The condemnee argues finally that if the Eminent Domain Code applies here, the date of taking of her property for purposes of valuation should not be the date of the PUC's condemnation order but rather the date upon which the PUC referred the matter to the court. Again we disagree. Section 602(a) of the Eminent Domain Code, 26 P.S. §1-602(a), clearly provides that just compensation due a condemnee must be calculated with reference to the date of condemnation. The date of condemnation here is clearly the date of the PUC's order.

---

[3] We do not see this result as affecting, varying, altering or modifying the jurisdiction or power of the PUC. *See* Section 303 of the Code, 26 P.S. §1-303.

The order of the lower court is affirmed.

ORDER

AND Now, this 27th day of March, 1978, the order of the Court of Common Pleas of Delaware County, numbered 5846 of 1975 and dated January 25, 1977, is hereby affirmed.