Nanticoke Public Service Company, Inc., Appellant *v.* The Redevelopment Authority of Luzerne County, Penna., Appellee.

Argued September 27, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Blatt, DiSalle and Craig. Judges Rogers and MacPhail did not participate.

*Gifford Cappellini,* for appellant.

*Allen T. Reishtein,* for appellee.

Opinion by Judge Craig, March 5, 1979:

Nanticoke Public Service Co. (condemnee) appeals from a decision of the Luzerne County Court of Common Pleas which denied the motion of the Redevelop-

ment Authority of Luzerne County (condemnor) for a new trial but awarded condemnor a set-off against the amount of a jury's condemnation award.

The condemnor had filed a declaration of taking against condemnee's entire parcel of improved realty on August 5, 1975 and had paid estimated just compensation in the amount of $47,550.00 on December 17, 1975. From a subsequent board of view's award of $62,000.00 both parties appealed. A jury trial resulted in a verdict of $65,000.00 against condemnor.

The condemnor then filed a motion for a new trial on the ground that the trial judge improperly excluded evidence of the fair value of the property in the form of a proposed occupancy agreement which the condemnor had tendered to the condemnee; the evidence offer was for the purpose of establishing a set-off against any award, based on a claim of rent for condemnee's continuing possession.

The court denied the motion for a new trial but did grant condemnor a rental set-off against the condemnee's damage award in the amount of $400.00 per month until condemnee's possession ends. The parties have stipulated that the $400.00 rate is a fair rental value.

In its appeal from that order, the condemnee contends that the rental set-off against its condemnation award is in direct violation of Section 611 of the Eminent Domain Code, Act of June 22, 1964, Specal Sess., P.L. 84, *as amended*, 26 P.S. §1-611 (Code), which states in pertinent part:

> The condemnee shall not be entitled to compensation for delay in payment during the period he remains in possession after the condemnation, nor during such period shall a condemnor be entitled to rent or other charges for use and occupancy of the condemned property by the condemnee. . . .

As to the meaning of this section, the Superior Court stated in *Pittsburgh Urban Redevelopment Authority v. Cleban*, 216 Pa. Superior Ct. 269, 278, 264 A.2d 187, 192 (1970):

> [S]ince the legislature has stated when the condemnor is not entitled to receive rent (that is, as an offset to delay compensation), . . . in all other cases the condemnor is entitled to rent where the condemnee remains in possession after condemnor's right to possession accrues and no delay compensation is due condemnee.

We believe that the court below was correct in following the interpretation thus stated by the Superior Court. The lower court was also sound in relevantly noting that Section 407 of the Code, 26 P.S. §1-407, provides that the condemnor's right to possession of the premises accrues on the payment of estimated just compensation.

Here, estimated just compensation having been paid, in an amount not claimed to be unconscionably low, condemnor has sought and been awarded a set-off for rent only with respect to the period of continuing possession after that payment.

As noted in the commentary of the Joint State Government Commission's 1964 Report submitted as to Section 611, the delay compensation and the rent are to offset each other. No delay compensation being owed on account of any "delay in payment" of estimated just compensation, we must agree with appellant that it could not have been the intent of the legislature to allow condemnee a double benefit, consisting of funds in the amount of a fair estimate of value and also rent-free use of the premises.

However, we must take note of the fact there is present here a problem which was not present in the *Cleban* case, *supra*, where there were no damages for the taking and appropriation of the property because

the Clebans were tenants with no leasehold claim. In the present case there was a difference of $17,450.00 between the estimated just compensation and the amount finally found by the jury to be due. To keep the accounts balanced, we hold that, at the time of payment of the judgment, condemnee will be entitled to interest at the statutory rate on that difference over the same period that rent is being charged hereunder (from February 17, 1976) as well as after actual relinquishment of possession.

In so holding, we do no violence to the first sentence of Section 611 because the now-settled interpretation of that sentence, as above adopted, is not that it flatly prohibits delay compensation while condemnee remains in possession and flatly bars condemnor from receiving rent, but that a condemnor may receive rent insofar as delay compensation is not owing. A logical corollary is that a condemnor who receives full payment of a fair rental—the economic equivalent of possession—should be liable to pay delay compensation with respect to that portion of the ultimate award which has not been paid during the rental period.

The second issue raised by condemnee concerns the procedural propriety of the court below incorporating the rental set-off in its order denying condemnor's motion for a new trial.

In *Kovacs v. Redevelopment Authority of the City of Philadelphia,* 16 Pa. Commonwealth Ct. 410, 328 A. 2d 545 (1974), this Court held that one proper means for the assertion of entitlement to a set-off by a condemnor is a petition for distribution of damages under Section 521 of the Code, 26 P.S. §1-521.

Here condemnor, in its motion for a new trial, specifically requested the rental-set-off against the award of damages. We see no problem of unfairness in treating that request as a petition for distribution of damages in this particular respect, in view of the fact that

the court had before it all of the pertinent facts, none of which are disputed as to the rental issue.

We cannot agree with appellant that a new trial was the only relief which could have been granted by the court below in the circumstances. A new trial for error in the exclusion of the proffered evidence was not indicated, precisely because the lower court held, correctly we believe, that it did not err in excluding the condemnor's evidence.

It is familiar practice that denial of a new trial may be conditioned upon a remittitur. 6A Standard Pennsylvania Practice, Chap. 28, §§115, 167-168. The order here is similar in effect, except that the absence of any factual dispute would cause a new trial to be a wasteful violation of judicial economy.

Accordingly, we affirm the order of the court below dated November 9, 1977, with the modification that there be added to it a statement that condemnee is also adjudged entitled to payment of, or credit for, interest at the rate of 6% on the amount of $17,450.00, being the difference between the estimated just compensation and the final award, for the period from February 17, 1976 until payment of judgment.

ORDER

AND Now, this 5th day of March, 1979, the order of the Court of Common Pleas of Luzerne County, at No. 6600 (November 9, 1977) is affirmed with the modification that the condemnee receive payment of, or credit for, the statutory 6% interest, delay compensation owing on the amount of $17,450.00.

---

DISSENTING OPINION BY PRESIDENT JUDGE BOWMAN:

I respectfully dissent.

The conclusion reached in *Pittsburgh Urban Redevelopment Authority v. Cleban* (hereinafter *Cleban*), 216 Pa. Superior Ct. 269, 264 A.2d 187 (1970), which is relied upon by the majority as precedent for charg-

ing the appellant-condemnee rent is inappropriate given the factual dissimilarity of this case. In *Cleban,* as Judge HOFFMAN stresses in his concurring opinion, the appellants, tenants pursuant to a month-to-month lease, could not show that there had been a compensable taking as to them. Here, to the contrary, condemnee's fee simple interest in an entire parcel of improved realty has been condemned.

Moreover, Section 611 of the Code addresses entitlement to compensation for delay; reference to rent is secondary to the concept of penalty for failure to pay compensation promptly. From such an orientation, the majority adopts the converse of the proposition presented by the first sentence and concludes that since no "delay compensation" is owed on account of "delay in payment," rent must be paid by the condemnee remaining in possession. To the contrary, it should be incumbent upon the condemnor to establish the terms of the new relationship. Whether it be by praecipe for the issuance of a rule to show cause why a writ of possession should not be issued (the procedure established in Section 407 for obtaining possession) or by contract establishing the terms of a lease for continued occupancy, it is the duty of the condemnor to act promptly to protect its interest. In this case the condemnor, it would appear, had never sought possession. A condemnor should not be permitted to rely upon a judicially created landlord-tenant relationship and thus find relief in a motion for setoff against a jury award favorable to the condemnee. The proper course of action for the condemnor should be negotiation of a lease should immediate possession not be necessary and the former owner wish to remain. To infer such an agreement from continued occupancy following payment of estimated just compensation is to invite further dispute as to the exact nature of the relationship.

Even were I to agree with the conclusion that under the circumstances rent is owed, I would continue to dissent as to the use of the term "delay compensation" to described an effort to "keep the accounts balanced." The second sentence of Section 611 states that:

Compensation for delay in payment shall, however, be paid at the rate of six per cent per annum *from the date of relinquishment of possession of the condemned property by the condemnee*, or if the condemnation is such that possession is not required to effectuate it, then delay compensation shall be paid from the date of condemnation. . . . (Emphasis added.)

The role of relinquishment of possession by the condemnee has been consistently respected by our prior decisions determining rights to "delay compensation." *See Commonwealth v. Upholzer*, 18 Pa. Commonwealth Ct. 102, 334 A.2d 812 (1975); *Govatos v. Redevelopment Authority of the County of Montgomery*, 11 Pa. Commonwealth Ct. 529, 314 A.2d 536 (1974). The term should not now be enlarged to encompass a penalty imposed irrespective of possession and contrary to the final sentence of Section 611.