Joseph A. and Frances T. DeMeno, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued March 4, 1982, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Joseph A. DeMeno,* appellant, for himself.

*Scott Olin,* Assistant Counsel, with him, *Sandra L. Guydon,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, April 1, 1982:

In this eminent domain case, Joseph A. and Frances T. DeMeno appeal from an order of the Court of Common Pleas of Montgomery County holding that delay compensation for the taking of a portion of appellants' property be computed from the date of entry by the condemnor, the Pennsylvania Department of Transportation (PennDOT), rather than from the date of taking.

PennDOT condemned part of the DeMenos property on November 23, 1971, for the purpose of constructing a state road. Entry upon the land did not occur until January 5, 1976. From the date of condemnation until the date of entry, the DeMenos continued in the normal use of the condemned portion of their property.

The DeMenos, in their brief *pro se,* assert in general terms that they should receive delay compensation from the date of taking because it is their constitutional right as citizens of the United States of America to receive just compensation for property taken by any governmental agency.[1]

---

[1] The DeMenos cite only one authority, in support of their constitutional argument, as follows:

> The theory of the law is that when land is taken by eminent domain or when it is injured in such a way as to create a constitutional right to damages, payment for the land thus affected should be coincident with the taking *or injury,* and, if for any reason payment is postponed, the right to interest from the time that payment ought to have been made until it is actually made follows as a matter of strict constitutional right. 3 Nichols on Eminent Domain §8.63 (rev. 3d ed. 1973) (emphasis added.)

However, when PennDOT condemned the land in 1971, PennDOT became the owner of the property. Although the general rule is that rents accruing after a condemnor is entitled to possession belong to the condemnor, 6 Nichols on Eminent Domain §24.5 (rev. 3d ed. 1973), our statute provides that, if the former owner is allowed to remain on the property, he does so free of rent obligation.[2] Therefore, in *Govatos v. Redevelopment Authority of County of Montgomery*, 11 Pa. Commonwealth Ct. 529, 314 A.2d 536 (1974), we concluded that the owners of the property are not deemed to have been injured until the date of entry as long as the owners have full use of the property, and we expressly upheld the constitutionality of Section 611 of the Eminent Domain Code (Code),[3] which provides that:

> The condemnee shall not be entitled to compensation for delay in payment during the periods he remains in possession after the condemnation. . . .[4]

The DeMenos have also argued alternatively that, if delay damages are awarded only from the 1976 date

[2] Eminent Domain Code, Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended*, 26 P.S. §1-611.

[3] *Id.*

[4] The remaining sentences of Section 611 state:
Compensation for delay in payment shall, however, be paid at the rate of six per cent per annum from the date of relinquishment of possession of the condemned property by the condemnee, or if the condemnation is such that possession is not required to effectuate it, then delay compensation shall be paid from the date of condemnation . . . .
Compensation for delay shall not be included by the viewers or the court or jury on appeal as part of the award or verdict, but shall at the time of payment of the award or judgment be calculated as above and added thereto. There shall be no further or additional payment of interest on the award or verdict.

of entry, the market value of the property should be calculated at the 1976 level rather than at the lower level prevailing at the time of taking in 1971.

However, having viewed the transaction as involving a lessor-lessee relationship in the 1971-76 period, the law is consistent and realistic in regarding 1971 as the compulsory sale date. Moreover, the market value change between taking and entry could, in other times, be a falling trend rather than a rising one.

Accordingly, we reject the DeMenos' constitutional challenge and affirm the decision of the common pleas court.

## ORDER

Now, April 1, 1982, the order of the Court of Common Pleas of Montgomery County, dated March 21, 1980, No. 71-139803, is affirmed.