467 A.2d 853

ZIEGLER LUMBER AND SUPPLY COMPANY, Appellant,

v.

GOLDEN TRIANGLE DEVELOPMENT COMPANY, INC., Trading as 2001.

ZIEGLER LUMBER AND SUPPLY COMPANY

v.

GOLDEN TRIANGLE DEVELOPMENT COMPANY, INC., T/A 2001, Appellant.

Superior Court of Pennsylvania.

Argued March 29, 1983.

Filed Nov. 4, 1983.

Louis Vaira, Pittsburgh, for appellant (at No. 387) and for appellee (at No. 417).

Donald J. Barley, Pittsburgh, for appellant (at No. 417) and for appellee (at No. 387).

Paul F. Laughlin, Pittsburgh, for Landlords, participating parties.

Before CAVANAUGH, BROSKY and MONTGOMERY, JJ.

CAVANAUGH, Judge:

This is an appeal from an order of the trial court in response to petitions to stay execution on a judgment rendered in a mechanics' lien proceeding. The history of these proceedings is extensive and need not be set forth in detail here. Briefly, for our purposes, Ziegler Lumber and Supply Company holds a judgment in a mechanics' lien action against Golden Triangle Development Company, Inc. which has a leasehold interest in the property in question. The property is owned by Joseph and Katherine Talarico. The Sheriff was directed to execute upon the judgment including the leasehold estate, together with all the fixtures, machinery and other similar property located in the building. Golden Triangle petitioned the court to stay the execution, set aside the writ and strike the judgment.

The court set aside execution as to items of tangible personal property, but permitted execution to proceed as to the leasehold interest. As part of his disposition, Judge McGowan permitted Barbara Martinelli, who claims a senior security interest in certain of the property subject to execution, to intervene although he also denied her request for relief. The court also considered contentions by the landlord, Joseph Talarico and Katherine Talarico, but dismissed

their petition on the basis that the landlord was not a party in interest on the record. Nevertheless, leave was granted to the landlords to formally intervene. The order of court was entered on March 11, 1981. Thereafter, the Talaricos petitioned to intervene and on March 31, 1981, the petition was granted by order of Judge Papadakos. There is no record that Martinelli moved to intervene. Cross appeals from the order of Judge McGowan have been filed by Zeigler Lumber and Supply Company and Golden Triangle Development Company, Inc. Intervenor, Talarico, has filed a motion to quash the appeal which was deferred by order of this court until the time of argument on the appeal.

Both Zeigler and Talarico rely upon *Cherry v. Empire Mutual Insurance Co.*, 417 Pa. 7, 208 A.2d 470 (1965) in support of their position on the motion to quash.

It is true that in *Cherry* the court in discussing the finality necessary to support an appeal said:

[i]f the court had intended to make a final disposition of the matter it either would have allowed immediate prosecution of the attachment execution or *set aside* the writ of execution pursuant to 3121(d). 208 A.2d 472 (emphasis in original) (footnote omitted).

It is also true that Judge McGowan's order had an appealable characteristic in that it did grant Golden Triangle's petition "to set aside execution as to all items of tangible personal property" on the described premises. However, the order went further and denied the petition of Golden Triangle to set aside execution regarding the leasehold interest. Golden Triangle on appeal argues that there is no leasehold interest upon which a lien could attach and for that reason, *inter alia*, the court erred in not striking the judgment.

This case has had a long and tortuous history. This, in fact, is the third time that it has been in this court. The chosen course in this matter has been that the ultimate efficacy of the rival contentions must be forged from the application of every available implement of legal hardware. On appeal counsel have presented critical issues including

questions of the constitutional limitations of the Mechanics' Lien Law of 1963, Act of August 24, 1963, P.L. 1175, 49 P.S. § 1101.

Despite this long history and allied proceedings in the federal courts, there has as yet been no precise determination as to the specific property to which the mechanics' lien attaches. Indeed the trial court has also permitted an interested party, the Talaricos, to intervene before making a final determination of the issues before it. The Talaricos, now parties to the case, attack the constitutionality of the Mechanics' Lien Law of 1963 as applied to this case. Because of the appeals, the issues raised by the intervenor were never reached. Obviously, the disposition of the intervenor's claims could affect the interests of all parties to this litigation, and to attempt to resolve an issue on appeal with other issues still to be presented to the trial court would promote piecemeal determination of this already protracted litigation. The rule prohibiting interlocutory appeals is aimed at preventing this evil. *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 319 A.2d 677 (1974). To the extent that this appeal is from the lower court granting intervention it is also interlocutory. *Kovacs v. Redevelopment Authority of Philadelphia*, 16 Pa.Commw. 410, 328 A.2d 545 (1974).

Appeal quashed.