City of Pittsburgh *v.* Imler Supply Company.
Imler Supply, Inc. et al., Appellants.

Argued October 6, 1983, before Judges CRAIG,
MACPHAIL and DOYLE, sitting as a panel of three.

*Samuel P. Kamin,* with him *William G. Sutter, Jr.,*
for appellants.

*James R. Fitzgerald,* for appellee.

OPINION BY JUDGE DOYLE, February 13, 1984:

Appellants appeal an order of the Allegheny County Court of Common Pleas granting poundage against funds deposited in the court pursuant to the Eminent Domain Code (Code).[1]

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§1-101 to 1-903.

Following a condemnation of the Appellant's property,[2] the City of Pittsburgh paid into court the sum of $67,522.29 as estimated just compensation, pursuant to Section 522 of the Code.[3] After Appellants petitioned the court of common pleas to receive this fund, together with interest, the Allegheny County Prothonotary filed a Petition for Poundage on Eminent Domain Damages Paid into Court. The court granted the Prothonotary's Petition and ordered that $951.72 be paid to the Prothonotary from the fund on deposit with the court.

On appeal, Appellants contend that Section 522 of the Code prohibits the assessment of any fee against funds on deposit as estimated just compensation. Section 522 states, in pertinent part:

The court thereafter upon petition of any party in interest shall distribute such funds or any funds deposited in court under section 407 to the persons entitled thereto in accordance with the procedure in section 521, but if no petition is presented within a period of five years of the date of payment into court, the court shall order the fund or any balance remaining to be paid to the Commonwealth without escheat. No fee shall be charged against these funds.

Appellee reads this section to prohibit the assessment of a fee only in situations where the fund is paid to the Commonwealth without escheat. There is nothing in the language of this section, however, which warrants such a reading. The final sentence of this

___

[2] The property condemned was owned by appellant Imler Supply Company, Inc. Additional appellants, United Components, Inc., Custom-Craft, Inc. and S & J Architectural Woodworking Company, Inc. were tenants of the property.

[3] 26 P.S. §1-522.

section which provides that "[n]o fee shall be charged against these funds" is without reservation, and must be applied to the entire section. Indeed, the use of the plural term in referring to "these funds" indicates that the final sentence is intended to apply not only to "the fund . . . to be paid to the Commonwealth without escheat" but also to "any funds deposited in court under section 407. . . ." Therefore, it is clear from the language of this section that under no circumstances are funds deposited as estimated just compensation subject to a prothonotary's fee.

Appellee also argues that the Code's provision eliminating payment of a fee has been superseded by the Second Class County Prothonotary Fee Act (Act).[4] This Act establishes a fee schedule for various services performed by the prothonotary, including that of receiving and distributing money paid into court.[5] Apart from setting the dollar amount to be charged, however, the Act makes no revisions in existing law relating to such fees. It is clear, therefore, that a law establishing exceptions to a fee requirement is neither inconsistent with this Act, nor superseded by it.

For the foregoing reasons we reverse the order of the Allegheny Court of Common Pleas.

---

[4] 42 Pa. C. S. §§21041-21047.

[5] Section 2 of the Act, 42 Pa. C. S. §21042, states in pertinent part:

> The fees to be received by the prothonotary of the court of common pleas of a county of the second class shall be as follows:
>
> . . . .
>
> (11) *Funds on deposit.—*
>
> (i) Receiving and distributing money paid into court for each dollar under $500 .................. (4%)
>
> (ii) For each dollar exceeding $500 .......... (1%)

288

Now, February 13, 1984, the order of the Allegheny County Court of Common Pleas in the above referenced matter, dated October 27, 1982 is hereby reversed.