## In re Buckwalter Condemnation by Manheim Township School District

*Peter M. Schannauer,* for condemnees.
*Robert E. Frankhouser,* for condemnors.

PEREZOUS, *J.*, March 25, 1991—This case presents the novel controversy as to who, between the condemnor or the condemnee, is entitled to the interest earned on the deposit into court of estimated just compensation. Moreover, the plot is thickened by the action of the condemnees in appealing the dismissal of preliminary objections[1] by this court on February 10, 1989 to the Commonwealth Court (which affirmed the trial court on March 2, 1990) and finally, not withdrawing their application for allowance of appeal with the Supreme Court of Pennsylvania until November 5, 1990, thereby extending the time period during which interest accrued. Further clouding the issue is whether condemnees have remained in possession of the property, thereby forfeiting their rights to the funds in question.

Condemnors agreed to the release of the estimate of just compensation in the amount of $610,000 but object to the payment of the interest in excess of $80,000 generated by the principal sum from the time it was deposited in court on May 26, 1989 pursuant to a writ of possession issued by the court on May 19, 1989.

Unfortunately, our Eminent Domain Code is silent on the entitlement to the earnings on the amount deposited into court by a condemnor pursuant to its provisions[2] and we have not been directed by either counsel's legal memoranda to any authority of relevance on the point. Condemnors' reliance on that section of the code authorizing delay damages[3] is we believe, misplaced, as is their citation of our Commonwealth Court's opinion in *Nanticoke Public*

---

1. The joint declaration of taking had been filed on September 16, 1988 to condemn 30.6 acres of land.
2. 26 P.S. §1-522.
3. 26 P.S. §1-611.

*Service Co. Inc. v. Redevelopment Authority of Luzerne County,* 41 Pa. Commw. 74, 399 A.2d 429 (1979), which, we opine, is inapposite. In the same vein, condemnees' argument that *City of Pittsburgh v. Imler Supply Co.,* 80 Pa. Commw. 285, 471 A.2d 591 (1984), is analogous to the narrow issue at hand is non-persuasive. Similarly, reference to *Condemnation of 146 Columbia Avenue,* 52 Westmoreland L.J. 303 (1970), is not helpful since that case involved delay compensation in the form of statutory interest when money has neither been paid to the condemnee nor deposited in court.

Fortuitously, recourse to a treatise[4] on the subject of condemnation provides a solution to the current dilemma. In the case of monies deposited in court as just compensation, it is recognized that such a fund is the condemnee's property; even during the pendency of the condemnee's appeal and even though the appeal is ultimately unsuccessful, he is entitled to receive the amount deposited, together with all earnings thereon in the hands of the depository. *Nichols, supra,* text after footnote 43.

This result is appropriate for a number of reasons. Under federal and state constitutional authority there can be no taking of private property for public use without just compensation.[5] The word "property" as employed in the taking clauses of both constitutions includes every interest anyone may have in any and everything which is the subject of ownership, together with the right to possess, use, enjoy and dispose of the same. *United States v. General Motors Corp.,* 323 U.S. 373, 377-8, 65 S.Ct. 357, 359-60, 89 L.Ed. 311, 318 (1945). This federal

---

4. Nichols on Eminent Domain, Revised Third Edition, Vol. 3.

5. U.S. Const., amendment V; Pa. Const., art. 1, §10 and art. 10, §4.

guarantee concerning just compensation for condemnation of private property for a public purpose is applicable to the states through the 14th Amendment.

The deposit of estimated just compensation qualifies as property subject to the "taking clause" of both federal and state constitutions. The earnings on the funds deposited are an incident of ownership of the fund itself and the "taking clause" provision applies to such earnings in the same manner and with the same force as it applies to the principal. *Morton Grove Park Dist. v. American National Bank and Trust Co.,* 399 N.E.2d 1295 (Ill. 1980).

In addition, a payment into court amounts to a constructive payment to the owner and all other parties who might have an interest in the fee. The money represents the property taken and it is the thing which the Eminent Domain Code substitutes for the land. Upon deposit, the court takes control of the money and under the terms of the code, can pay it to those who are entitled to it. *In re Condemnation of 146 Columbia Avenue, supra,* at 306. A fortiori, it can be reasoned that the income on such deposit likewise belongs to those having an interest in the property taken.

In desiring to challenge the legal and not the monetary basis for a condemnation, however, the property owner is faced with a Hobson's choice; engage in the legal process and forego accepting the offer of just compensation or take the money and waive the technical objection or render any appeal moot. Therefore, in order to exercise their right of appeal, condemnees were required to leave the fund on deposit, together with accruing interest, for the full time necessary to complete the appeal process. If they had withdrawn the funds on deposit, con-

demnees would have mooted their legal challenge and would not have been able to maintain their appeal.

Usually, the condemnor acquires possession of the property after payment or deposit. At that point the condemnor has no use of the money and can receive no interest on it while it is paid into court but does have use of the property. The condemnee can petition for withdrawal of the money paid into court and it would be *credited* against the final award.

In the present case there is a dispute as to whether condemnors could have exercised their right to possession or if condemnees wrongfully remained in possession. The operative fact remains, however, that notwithstanding condemnees' actions, condemnors took no steps to enforce their right of possession and have made no claim for the fair rental value of the property during the pendency of the challenge to the condemnation proceedings.

Having decided under the above rationale that the right to the interest on the estimate of just compensation more rightfully belongs to condemnees, this court is then faced with the possibility of a windfall to condemnees if no consideration is given in the final award to the amount of this interest payment. In other words, if this condemnation proceeding results in an award of more than the amount of the estimate of just compensation plus this interest, should such difference be made up by condemnors out of additional funds or are they entitled to a credit for the amount of the interest earned on their deposit of estimated just compensation?

Since these proceedings involve a balancing of private rights with the rights of the general public, it seems to this court that equitable as well as public policy considerations require that the condemnees not receive what would in effect be more for their

property than what is determined to be just compensation as a result of the "complete and exclusive procedure and law provided by the Eminent Domain Code to govern all condemnations of property for public purposes and the assessment of damages therefor."[6] Consequently, while awarding this interest to condemnees we will at the same time allow condemnors credit for this sum against any award in excess of the total of the amount deposited ($610,000) plus the interest in the possession of the prothonotary.

For example, should the final award total more than $690,000, then condemnors would provide the additional funds in excess of $690,000, credit being allowed for interest paid in the amount of $80,000[7] up to $690,000. If, on the other hand, the final award is less than $690,000, the condemnees would retain what has already been distributed to them.[8]

If such credit were not given, a landowner could receive the interest on funds paid into court and accumulated while mounting a technical challenge to the condemnation and still conceivably receive a final award which, since it excluded such interest, would result in a windfall as to the interest. If the final award includes such interest, two purposes are served. First, the landowner is not deterred from technically challenging the condemnation by sacrificing the income earned on the deposit while awaiting a court decision. Secondly, the condemning authority receives a benefit from paying the funds into court in the form of a credit toward the total

---

6. 26 P.S. §1-303.

7. This will be the interest available on the date the funds are directed to be distributed.

8. Cf., 26 P.S. §1-407(c) which provides that a condemnee cannot be compelled to make repayment of the estimated compensation even if the amount of just compensation as finally determined is less than the compensation so paid.

award while not having to duplicate the payment later in making up any difference in the total award. In this way a benefit accrues for the interest accrued to the detriment of neither side in a condemnation case under circumstances such as those present here.

Consequently, the court files the following

### ORDER

And now, March 25, 1991, upon consideration of condemnees' petition for release of funds held by the court, condemnors' answer with new matter and condemnees' reply, as well as their legal briefs, and in accordance with the foregoing opinion, it is ordered that the prothonotary of Lancaster County release to Josie E. Buckwalter and Nancy Buckwalter, condemnees, the monies earned as interest and currently being held in that office; subject, however, to such sum being credited toward any award or verdict in excess of $610,000 up to the maximum amount of $690,000, the exact figure being based on the amount of interest available for distribution as of the date of this order.