Township of Ridley, Appellant *v.* George S. Forde, Jr., Admin. c.t.a. of the Estate of Rev. Ignatius Walter Nall, a/k/a I. Walter Nall, and Ignatius W. Nall, Deceased, Appellee.

Argued April 6, 1983, before Judges ROGERS, CRAIG and MacPHAIL, sitting as a panel of three.

*Scott Galloway,* with him *Peter J. Rohana, Jr.,* for appellant.

*Jane Landes Foster, Stradley, Ronon, Stevens & Young,* for appellee.

OPINION BY JUDGE CRAIG, April 26, 1983:

The Township of Ridley appeals from an order of the Court of Common Pleas of Delaware County, which awarded the Estate of Reverend Ignatius Walter Nall (estate) delay compensation under the Eminent Domain Code.[1]

By a notice of condemnation and declaration of taking filed October 26, 1978, the township condemned property belonging to the estate.[2] The township admitted, and the parties have stipulated[3] that the township took possession of the property on October 26, 1978, but did not pay agreed-upon condemnation damages of $120,000 until August 27, 1979. The trial court, proceeding without appointing a board of view, entered an order dated May 12, 1982, requiring the township to pay the estate $5,917.81 as delay damages, for 300 days at the statutory rate of 6% per annum.[4]

The township contends here that (1) the trial court lacked subject matter jurisdiction and that (2) the agreement concerning the amount of condemnation

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§1-101—1-903.

[2] The parties were negotiating a sale of the property by the estate to the township, but, because Reverend Nall had acquired the property piecemeal through sheriff and tax sales, the need for a number of quiet title actions delayed the title transfer. The parties agreed to the condemnation proceedings as an alternative method of transfer.

[3] The township apparently failed to respond to the estate's request for admission; therefore, the fact of the township's possession on October 26, 1978 is admitted. Pa. R.C.P. No. 4014(b). The parties also stipulated that the township was in actual possession on that date. *Stipulation of Facts,* number 4.

[4] Section 611 of the Eminent Domain Code, 26 P.S. §1-611, provides the rate for calculation of delay compensation.

damages precludes any award of delay compensation. The township further argues that, (3) if the estate is entitled to delay damages, the calculation should not begin until the day the estate completed its actions to quiet title to the property.

Following our scope of review for eminent domain cases,[5] we must reject the township's contentions and affirm the order of the trial court.

In support of its first claim, the township argues that, because a board of view did not make the initial determination of delay damages, the trial court did not have jurisdiction over the issue.

The Code provides that the condemnor shall pay delay damages from the date on which it assumes possession until the date on which it pays the condemnation award to the condemnee.[6] Either party may file a petition requesting the appointment of viewers,[7] who then determine the date from which delay damages shall be calculated.[8] Because the date on which the condemnor will pay the condemnation damages is unknown, the viewers do not calculate the amount of delay damages due the condemnee.

In the present case, the township and the estate have agreed upon the amount of condemnation damages ($120,000), and upon both the date of possession by the township (October 26, 1978) and the date of payment to the estate (August 27, 1979).

Because all of the facts needed to determine delay damages are uncontroverted, and because neither par-

---

[5] "Our scope of review of a lower court's decision in an eminent domain case is limited to determination of whether the court committed an abuse of discretion or an error of law." *Appeal of Penn-DOT*, 54 Pa. Commonwealth Ct. 478, 487, 422 A.2d 711, 716 (1980).

[6] Section 611 of the Eminent Domain Code, 26 P.S. §1-611.

[7] Section 502 of the Eminent Domain Code, 26 P.S. §1-502.

[8] Section 511(5) of the Eminent Domain Code, 26 P.S. §1-511(5).

ty requested a board of view, no reason existed for the trial court to appoint such a board.

In support of the second claim, that the agreement for $120,000 in condemnation damages precludes any award of delay damages, the township relies on the language of the deed which transferred the property to the township. That deed provides, in part:

> That the said Grantor . . . had granted, bargained, sold, aliened, enfeoffed, released, and confirmed, and by these presents does grant, bargain, sell, alien, enfeoff, release and confirm unto said Grantee. . . .

The word "release" in the deed is a somewhat archaic legal term used in conveyancing; its presence in the granting clause of the deed is nothing more than excess verbiage.[9] Moreover, because the estate executed the deed before receiving the condemnation damages, a full "release" at that juncture would have been unusual, if not inappropriate.

*Alberts v. Urban Redevelopment Authority of Pittsburgh,* 2 Pa. Commonwealth Ct. 167, 277 A.2d 361 (1971), cited by the township, is not controlling here. In *Alberts* the parties agreed on the value of the property and the amount of delay damages as well. This court held that, because both parties agreed to those amounts, as part of a consent verdict, the condemnor could not later challenge that agreement. In the present case, there was no agreement or consent decree that included specific figures for both compensation and delay damages.

---

[9] The word is a holdover from the language of leases and releases in the Blackstone era, no longer required for an effective transfer. As the commentary before Title 21 of Purdon's Statutes observes, the granting "clause could well be reduced to 'grants and conveys.' " P.N. Wood, Deeds of Conveyance in Pennsylvania, Comment, 21 P.S. p. 19. See Sections 1-3 of the Act of April 1, 1909, P.L. 91, *as amended,* 21 P.S. §§2-4.

The township, through its former solicitor, had agreed with the estate that the township did indeed owe delay damages on the condemned property. The township now argues that its former solicitor was without authority to bind the township to the payment of delay damages.

Whether or not the solicitor had the authority to agree to pay delay damages is a superfluous question. The estate's right to recieve damages for delay is a statutory one,[10] and is not contingent upon the agreement of the township's solicitor.

However, the solicitor's agreement does provide some evidence as to the intent of the parties when they agreed upon the $120,000 figure. Clearly, both parties intended that sum to be condemnation damages—in effect, the price for the property. Nothing indicates that either of them intended the sum to include any unknown amount that might accumulate in damages because of a delay in payment of that price.

Delay damages are not properly within the scope of condemnation damages for the property; rather they are separate compensation for the condemnee's loss of use of the property during the period after he relinquishes possession and before he receives his just compensation. *City of Philadelphia Appeal,* 40 Pa. Commonwealth Ct. 409, 398 A.2d 224 (1979).

Finally, we have the township's contention that, if delay damages are due, we should calculate them only

---

[10] Section 611 of the Eminent Domain Code, 26 P.S. §1-611 provides, in relevant part:

Compensation for delay in  payment shall, however, be paid at the rate of six percent per annum from the date of relinquishment of possession of the condemned property by the condemnee. . . .

That section gives the condemnee a right to receive delay damages. See generally E. Snitzer, Eminent Domain §611-2.2 (1980) and *Hineline v. General State Authority,* 15 Pa. Commonwealth Ct. 44, 324 A.2d 817 (1974).

from the date the estate perfected its title (May 7, 1979), and not from the date of the township's possession. The township argues that, because the First Class Township Code requires the township to take title in fee simple,[11] we should not require it to pay delay damages for the period of time before the estate had a fee simple.

We must reject that argument because the township could have avoided the delay damages altogether by paying the $120,000 in condemnation damages into the court[12] (pending the estate's completion of its quiet title actions). The township was not in the untenable position of either violating the township code or becoming liable for delay damages.

Under Code §611, as noted above, the condemnor must pay delay damages from the date of its possession, and the stipulation establishes that the township took possession of the property on October 26, 1978; therefore, that is the proper date for the computation of delay damages.

The estate, in its brief, argues that it is entitled to interest on the delay damages, calculated from the date of payment of the compensation (August 27, 1979) until the date the township pays the delay damages. The estate has not filed a cross-appeal from the trial court's denial of interest; therefore, the issue is not properly before us.

The order of the trial court, awarding delay damages of $5,917.81, is affirmed.

## Order

Now, April 26, 1983, the order of the Court of Common Pleas of Delaware County, No. 78-15904, dated May 12, 1982, is affirmed.

---

[11] Section 1917 of the First Class Township Code, Act of June 24, 1931, P.L. 1206, as amended, 53 P.S. §56917.

[12] Section 611 of the Eminent Domain Code, 26 P.S. §1-611.