Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Dixon Ticonderoga Company, Appellee.

Argued June 6, 1985, before Judges ROGERS, DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Martin Burman,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Andrew J. Forbes, Cramp, D'Iorio, McConchie & Forbes,* P. C., for appellee.

·OPINION BY JUDGE BLATT, November 15, 1985:

The Commonwealth of Pennsylvania, Department of Transportation (Department) appeals two orders of the Court of Common Pleas of Delaware County, dated June 21, 1984. The first molded a $500,000 jury verdict rendered on March 9, 1984 in eminent domain by adding delay damages bringing the total verdict to $865,596 and directed entry of the verdict in favor of the Dixon Ticonderoga Company (Dixon) and against the Department. The second order assessed attorney's fees against the Department in the amount of $1,000 and further ordered the Department to pay to Dixon's counsel an additional $1,000 per day from June 21, 1984 until the verdict rendered on March 9, 1984 has been paid.

This case arises from a condemnation by the Department's predecessor, the Pennsylvania Department of Highways, commenced in 1968. Following a

remand from this Court,[1] a second jury trial was held in March 1984, resulting in the above-noted verdict in favor of Dixon. When, by June 20, 1984, the Department had not satisfied the verdict,[2] Dixon filed a petition to establish October 2, 1968, the date of the condemnation, as the date from which interest (delay compensation) would be calculated and to award additional attorney's fees and penalties. After hearing argument from the parties on June 21, 1984, but without taking evidence, the trial court entered the orders at issue here.[3]

---

[1] For a thorough review of the factual, legal and procedural background of this case, see Judge WILLIAMS' thorough opinion in *Re: Condemnation for L.R. 23047*, 79 Pa. Commonwealth Ct. 512, 470 A.2d 1080 (1984). In that case the condemnee was the Bryn Mawr Corporation (BMC), the successor in interest to the original condemnee, the Philadelphia Suburban Transportation Company (PSTC). Presently, Dixon is the condemnee, although neither the opinion of the trial court, nor the briefs of the parties to this Court, nor the record certified to us by the trial court reveal how Dixon succeeded to BMC's interests. Given the apparent acceptance of Dixon as one of the parties by the trial court and the Department, however, we also will accept Dixon as a proper party herein.

[2] This is not to say that the Department made no payments during the course of this litigation. See note 3. Also, in the Statement of the Case in the Department's brief, we find representations that on July 8, 1984 payment of $654,727.14 was received by Dixon which included $2,378.14 interest for the time that such money was held by the Commonwealth's disbursing agent and that an additional $801.86 was paid to Dixon on October 9, 1984 representing interest from May, 1984 through July, 1984 ($3,710 minus the $2,378.14 already paid). Dixon's brief acknowledges receipt of such payments. Our calculations reveal a difference of $1,331.86 between $3,710 and $2,378.14, nevertheless, given the result we reach here, any such discrepancy may be corrected on remand. Of course, due to our holding with respect to the possible impact of the asserted easements, the entire amount of delay compensation may have to be readjusted despite the Department's apparent acquiescence to most of the trial court's molded jury verdict.

[3] Specifically, the trial court added the following as delay compensation:

On appeal, the Department raises three major questions for our determination: 1) whether or not delay compensation accrues, per se, from the date of the condemnation under Section 611 of the Eminent Domain Code (Code);[4] 2) whether or not a court may award interest on delay compensation and 3) whether or not attorney's fees under Section 610 of the Code[5] may exceed $500. We will address these issues in the order presented consistent with our scope of review in eminent domain cases.[6]

1) Six per cent interest on the $104,000 paid by the Department on December 20, 1968, calculated from the date of the condemnation, October 2, 1968, in the amount of $1,369.

2) Six per cent interest on the $75,000 paid by the Department on December 12, 1978, calculated from the date of the condemnation, October 2, 1968, in the amount of $45,750.

3) Six per cent interest on $321,000, the difference between the amount of the March 9, 1984 jury verdict and the amounts previously paid by the Department, calculated from the date of the condemnation, October 2, 1968 to the date of the trial court's order, June 21, 1984, in the amount of $302,742.

4) The sum of $15,240, representing six per cent interest on the $45,750 interest due on the $75,000 that the Department had not paid to Dixon until December 12, 1978.

The trial court also included attorney's fees of $500 in the molded verdict, although the companion order directed payment of additional attorney's fees.

[4] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-611.

[5] 26 P.S. §1-610.

[6] In eminent domain cases our review is limited to determining whether or not the trial court committed an abuse of discretion or an error of law and where the trial court makes findings of fact, we have to determine whether or not such findings are supported by competent record evidence. *Appeal of PennDOT*, 54 Pa. Commonwealth Ct. 479, 422 A.2d 711 (1980).

Section 611 of the Code pertinently provides:

The condemnee shall not be entitled to compensation for delay in payment during the period he remains in possession after the condemnation . . . Compensation for delay in payment shall, however, be paid at the rate of six per cent per annum from the date of relinquishment of possession of the condemned property by the condemnee, or if the condemnation is such that possession is not required to effectuate it, then delay compensation shall be paid from the date of condemnation. . .

In challenging the trial court's establishment of the date of the condemnation, October 2, 1968, as the date from which delay compensation should accrue, the Department alleges that it did not obtain possession of the land in question until some time in *May 1969*. Arguing that it was erroneously denied an evidentiary hearing to consider the issue of the date of possession before the establishment of the date from which delay compensation would be calculated, the Department relies on the statement of Judge ROGERS, writing for this Court in *Department of Transportation v. Hess*, 55 Pa. Commonwealth Ct. 27, 33, 423 A.2d 434, 437 (1980) (citing *Govato v. Redevelopment Authority of Montgomery County*, 11 Pa. Commonwealth Ct. 529, 314 A.2d 536 (1974)), "that the mere filing of a declaration does not effect a condemnation for Section 611 purposes."

Taking the position that possession was not required here to effectuate the condemnation, Dixon advances several arguments.

The first such argument is that, under the trial court's holding that the taking was proven to that court and the jury, our decisions in *Township of Ridley v. Forde*, 73 Pa. Commonwealth Ct. 611, 459

A.2d 449 (1983); *Benkovitz Appeal;* 70 Pa. Commonwealth Ct. 230, 452 A.2d 1113 (1982) and *McCracken v. City of Philadelphia,* 69 Pa. Commonwealth Ct. 492, 451 A.2d 1046 (1982) hold that a condemnee is entitled to just compensation for the loss of his property including interest, fees and costs which follow such a verdict. Without disagreeing with that general principle, however, we do not read those cases as supporting Dixon's position in the instant matter.

In examining the relationship of those cases to this appeal, we must bear in mind that there is no disagreement between the parties here that Dixon is entitled to some delay compensation. The issue here is how much. And, of course, the resolution of that question depends upon the date from which such compensation is calculated, the date of the condemnation as Dixon contends or some later date in May 1969, as the Department argues.

We explicitly held in *Township of Ridley* that the township, the condemnor, had to pay delay compensation from the date it took possession, not, as it had contended, from the date it acquired title in fee simple. Also in *Benkovitz,* the question of when delay compensation began to accrue turned on possession. Finally, *McCracken* concerned a *de facto* taking, and is consequently inapposite here.

Next, Dixon argues that, because the Department never requested a hearing after the March 9, 1984 jury verdict to allow it to attempt to prove that possession did not occur on the date of the condemnation in order to defeat the presumption that a condemnee is entitled to delay compensation from the date of the condemnation,[7] allowance of such a hearing at this point in the proceedings would violate the rule of *Dilliplaine v.*

---

[7] See *Pennsylvania Game Commission v. 21.1 Acres of Land,* 61 Pa. Commonwealth Ct. 383, 433 A.2d 915 (1981).

*Lehigh Valley Trust Company,* 457 Pa. 255, 322 A.2d 114 (1974) (failure to make a timely specific objection at trial will result in allegation of error on that point not being considered on appeal). Again, we must disagree. *Dilliplaine,* being an action for injuries allegedly arising out of an automobile collision and, therefore, within the purview of the Pennsylvania Rules of Civil Procedure, is inapposite to this eminent domain proceeding. *Hess.* Having no evidentiary record of the post-trial proceedings, we believe that *Hess* is controlling here and that a remand is required to establish a factual record from which the appropriate date to begin the calculation of delay compensation may be determined.

Alternatively, Dixon argues that no remand is required here because this case comes under the exception in §611 which establishes the date of the condemnation as the date from which delay compensation accrues where possession is not necessary to effectuate the condemnation. Asserting that some of the interests condemned in this matter are easements, Dixon offers for our consideration the following:

> One can think however of consequential damage cases arising under Section 612 such as damages resulting from a change of grade of a road or highway or permanent interference with access to a road or highway or injury to surface support, where no property is taken. Changes made within the legal right-of-way line of a highway would not require any possession from the property of the owner lying outside of the legal right-of-way line.

Dempsey, *Eminent Domain Development Revisited,* 46 Pa. BAR ASS'N Q. 176 (1975) (quoted with approval in dicta by Judge (later Justice) WILKINSON in *County of Bucks v. 800 Acres of Land,* 32 Pa. Com-

monwealth Ct. 448, 452-3, 379 A.2d 903, 905 (1977)).
While we find the foregoing to be persuasive, we do
not believe that it supports Dixon's position. To the
contrary, we believe that, in applying that reasoning
to the matter *sub judice*, a remand would be required
here even if *Hess* did not require that result. Our de-
cision in *Re: Condemnation for L.R. 23047* established
that Dixon possessed a combination of interests in
the condemned land, owning 4.336 acres in fee simple
with the remainder, 3.193 acres, held by easements.
As we have noted, delay compensation accrues from
the date of possession only with respect to property
held in fee simple, whereas under the rationale of
*County of Bucks*, it accrues from the date on which
the declaration of taking was filed with respect to the
easements.

We must, therefore, reluctantly conclude that an-
other remand is necessary in this already overlong
litigation, so that there may be an evidentiary hearing
to establish the respective dates from which delay com-
pensation should be calculated. After such hearing
the trial court will be able to calculate the delay com-
pensation from the date of the taking with respect to
the portions of the award attributable to the condem-
nation of Dixon's fee simple property and, likewise,
to calculate the delay compensation for the portions
consisting of the easements.

As to the second major question raised by the De-
partment here, which is whether or not the trial court
erred in awarding interest on a portion of the delay
compensation, we note that the Department protests
specifically the trial court's inclusion of $15,240 inter-
est on the delay compensation in the molded verdict.
To support this assignation of error, the Department
relies on the following from the comment to Section
611 in the Joint State Government Commission's 1964

Report. "The condemnee is only entitled to the one 6% on his award. He would not be entitled to the 6% and then 6% interest on that 6%. In other words, it is not intended by this section to have interest being paid on delay compensation." We are persuaded by this comment that it was, indeed, error for the trial court to assess interest on the delay compensation.[8] *Cf. Powell v. Retirement Board of Allegheny County,* 431 Pa. 396, 246 A.2d 110 (1968) (error to allow compound interest on a debt unless parties have expressly provided for it by agreement or a statute expressly authorizes it). Accordingly, we will reverse that part of the trial court's order.

The remaining question concerns the amount of attorney's fees allowed by the trial court in its orders of June 21, 1984. In molding the jury verdict, the trial court included $500 for attorney's fees. See note 3. Section 610 of the Code,[9] provides:

The owner of any right, title, or interest in real property acquired or injured by an acquiring agency, who is not eligible for reimbursement of such fees under sections 406(e) [where preliminary objections to the declaration of taking are sustained, condemnee shall be entitled to damages as if the condemnation had been revoked], 408 [where condemned property is relinquished, condemnee shall be reimbursed by condemnor for reasonable appraisal, attorney and engineering fees and other costs and expenses actually incurred because of condemnation proceedings] or 609 of this act, shall be re-

[8] Such comments are appropriate statutory construction aids. Section 1939 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1939, and *Apple Storage Company v. School District of Philadelphia,* 4 Pa. Commonwealth Ct. 55, 284 A.2d 812 (1971).

[9] 26 P.S. §1-610.

imbursed in an amount not to exceed five hundred dollars ($500) as a payment toward reasonable expenses actually incurred for appraisal, attorney and engineering fees. (Footnote omitted.)

Section 609 of the Code[10] provides that "[w]here proceedings are instituted by a condemnee under section 502(e) [allowing condemnee to file petition for appointment of viewers where no declaration of taking has been filed], a judgment awarding compensation to the condemnee for the taking of property shall include reimbursement of reasonable appraisal, attorney and engineering fees and other costs and expenses actually incurred." (Footnote omitted.)

Under these provisions, it is apparent that where, as here, a declaration of taking was filed, the maximum attorney's fees which can be awarded is $500. Hence, we must reverse the trial court's order assessing attorney's fees of $1,000 with an additional $1,000 per day from the date of such order until the March 9, 1984 jury verdict is paid.

For the reasons set forth herein, therefore, we will reverse the order of the trial court awarding excessive attorney's fees, will vacate the order molding the jury verdict and will remand for an evidentiary hearing as to the date or dates from which proper delay compensation may be calculated.

## ORDER

AND Now, this 15th day of November, 1985, the order of the Court of Common Pleas of Delaware County, dated June 21, 1984, molding the jury verdict is vacated and the matter is remanded to that Court for further proceedings consistent with this Opinion.

---

[10] 26 P.S. §1-609.

The order of that Court, also dated June 21, 1984, assessing attorney's fees in this matter at $1,000 with an additional $1,000 per day from the date of such order until the March 9, 1984 jury verdict is paid is reversed.

Jurisdiction relinquished.