593 A.2d 26

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION**

v.

**CANTONO W. & SONS, INC.**

**Appeal of John T. O'DONNELL, Thelma M. O'Donnell, Dennis L. O'Donnell and Patricia O'Donnell.**

Commonwealth Court of Pennsylvania.

Argued March 5, 1991.

Decided June 10, 1991.

Lawrence R. Scheetz, Richboro, for appellants.

Carl Vaccaro, Asst. Counsel, Philadelphia, for appellee.

Before PALLADINO and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

John T., Thelma, Dennis L., and Patricia O'Donnell (Appellants) appeal from an order of the Court of Common Pleas of Montgomery County (trial court) quashing, as untimely filed, Appellants' appeal from a report of a Board of View. We reverse.

Appellants were the owners and operators of a Sunoco gasoline station on Germantown Pike, in Plymouth Meeting, Montgomery County. On October 28, 1986, the Commonwealth of Pennsylvania, Department of Transportation (DOT) filed a Declaration of Taking pursuant to Section 402 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. § 1–402. The purpose of the taking was the building of the "Blue Route" in Montgomery County. Appellants filed a Petition for the Appointment of Viewers on May 27, 1988. The trial court appointed a Board of Viewers (Board) on June 1, 1988. The

view and hearing, on the value of the taking, was held on March 16, 1989. The Board filed its report and award on March 17, 1989, without providing the ten-day notice of filing required by Section 513 of the Eminent Domain Code, 26 P.S. § 1–513. Appellants filed a notice of appeal from the award on April 18, 1989. DOT filed a Petition to Quash Appeal on May 1, 1989, which was ultimately granted by the trial court on July 31, 1990. This appeal followed.

■ The sole issue on appeal is whether the ten-day notice of filing requirement in section 513 is mandatory. In reviewing eminent domain cases, we are limited to a determination of whether the trial court abused its discretion or committed an error of law. *Pidstawski v. South Whitehall Township*, 33 Pa.Commonwealth Ct. 162, 380 A.2d 1322 (1977).

Appellants argue that they have been denied their notice rights and that by failing to give the ten-day notice period, the Board's report was not properly filed. We agree.

The statute which is the basis of the dispute in this case reads as follows:

§ 513. **Filing of report of viewers**

The viewers shall file their report within thirty days of their final hearing or within thirty days from the filing of the transcription of the stenographic notes of testimony, which transcription shall be filed within thirty days of the final hearing. *Ten days before the filing of the report, the viewers shall mail a copy thereof to all parties or their attorneys, of record, with notice of the date of the intended filing and that the report shall become final unless an appeal therefrom is filed within thirty days from the date the report is filed.* Prior to the filing of their report they may correct any errors therein and give notice thereof to the persons affected. (Emphasis added.)

The trial court, in its opinion in support of the order quashing the appeal, reasoned as follows:

While this Court regrets any hardship this may have caused the condemnees, the requirements of Section 1–

5173 [sic] cannot be read so as to create a forty day appeal period. As the view and hearing in this case, originally scheduled for August 5, 1988, were continued on at least two occasions until March 16, 1989, it was important to have the viewers' report filed as soon thereafter as possible. The failure of the Board to send the ten day notice letter did not render the filing of the report improper. As considered in the official comments to Section 1–5173, [sic] the ten day notice period is provided in order to allow the parties to request the correction of any typographical errors in the report before it is filed. Its purpose is not to provide the condemnees with forty days in which to ready an appeal.

■ We conclude that the trial court erred in considering the comment to section 513 rather than applying the plain language of the section. The rules of statutory construction require courts to strictly construe provisions of a statute conferring the power of eminent domain. 1 Pa.C.S. § 1928(b)(4). Courts are also required to effectuate the intent of the legislature, and when the words of the statute are clear and unambiguous, the letter of the law can not be disregarded under the pretext of pursuing the spirit. 1 Pa.C.S. § 1921.

■ Applying these rules of construction to the statute in question, we conclude that the ten-day notice period is mandatory, and that the thirty-day period for filing of an appeal, can not commence until the ten-day notice period concludes. Accordingly, even though the Board filed the report on March 17, 1989, that filing was procedurally defective. At best, the filing gave Appellants notice of the order. The passage of the ten days required by the statute cured the procedural defect, and for the purposes of this case, the thirty-day appeal period then commenced. As a result, the thirty-day appeal period began on March 27, 1989, and the Appellants' appeal was timely filed.

Our holding does not extend the appeal period to forty days, as the trial court believed, but rather implements the specific instructions of the legislature, that the parties have

a copy of the report a minimum of ten days prior to it being filed. We cannot ignore this mandate.

Accordingly, we reverse the order of the trial court, and remand for proceedings consistent with this opinion.

## ORDER

AND NOW, June 10, 1991, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is reversed, and the case is remanded for proceedings consistent with the opinion.

Jurisdiction relinquished.

SILVESTRI, Senior Judge, dissents.