621 A.2d 1181

**Condemnation by the County of Allegheny of Certain Property Located in Moon Township, Allegheny County, Pennsylvania. (Four Cases)**

**Appeal of William H. JOLLY, Appellant.**

**Appeal of Ross C. HOFFMAN and Norma J. Hoffman, his wife, Appellants.**

**Appeal of John D. SEDLOCK and Vivian D. Sedlock, his wife, Appellants.**

**Appeal of Thomas BROSKEY and Deborah Broskey, his wife, and Kathryn Broskey, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Dec. 16, 1992.

Decided Feb. 18, 1993.

5. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

William P. Bressnahan, for appellants.

Samuel P. Kamin, Asst. County Sol., for appellee.

Before CRAIG, President Judge, and COLINS, PALLADINO, McGINLEY, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

PALLADINO, Judge.

Appellants [1] (Condemnees) appeal the order of the Court of Common Pleas of Allegheny County (trial court) which reversed the decision of the Board of Viewers (Board) with respect to the date of relinquishment of possession of the avigational easements at issue. We reverse.

On April 18, 1980, Allegheny County (County) began operation of a new runway at Greater Pittsburgh International Airport. At that time, Condemnees were homeowners whose property was located less than one mile from the end of the runway. The County failed to file declarations of taking with respect to any of Condemnees' property. Accordingly, Condemnees filed petitions for the appointment of a board of viewers alleging a *de facto* taking of an avigational easement.[2]

Following the viewing of each Condemnee's property, a hearing was held before the Board. At the hearings, the parties stipulated that a *de facto* taking of avigational easements by the County occurred on April 18, 1980. The Board then estimated Condemnees' general damages, determined the date of relinquishment of possession to be April 18, 1980 and awarded attorneys fees and interest from that date.

The County timely appealed the findings of the Board, specifically challenging the date of relinquishment of possession. Prior to trial, the County settled Condemnees' general damage claims and entered into a stipulation with Condemnees limiting the issues to be disposed of by the trial court. In accordance with that stipulation the trial court was to determine: (a) the date from which delay compensation was to be calculated; (b) the percentage of delay compensation to be calculated for the time period involved; and (c) the amount of the reasonable appraisal, attorney, and engineering fees and other costs and expenses to be awarded to Condemnees.

1. Pursuant to an order of this court, dated August 6, 1992, the appeals of William H. Jolly, Ross C. Hoffman, Norma J. Hoffman, John D. Sedlock, Vivian D. Sedlock, Thomas Broskey, Deborah Broskey and Kathryn Broskey were consolidated.

2. Said petitions were filed by the Hoffmans on January 9, 1991, Mr. Jolly on June 27, 1991, the Broskeys on June 27, 1991 and the Sedlocks on July 11, 1991.

The parties further stipulated that consideration of the last two issues would be deferred until the first issue was resolved.

The trial court held that because Condemnees had complete control over the date the claim was filed, a taking did not occur until Condemnees filed their petitions for appointment of viewers. Specifically, the trial court concluded that because there was no demand for payment made by the Condemnees until their petitions were filed, there could be no delay in payment by the County until notice of Condemnees' demands was received.

In this case of first impression, the sole issue presented is whether the trial court erred as a matter of law in concluding that delay compensation, payable pursuant to section 1–611 of the Eminent Domain Code (Code),[3] shall be calculated from the date of filing of each Condemnee's petition for the appointment of viewers.[4]

Appellants argue that the trial court's holding is contrary to the plain language of section 1–611 and therefore, erroneous. We agree. The rules of statutory construction require this court to strictly construe the provisions of the Code. *Commonwealth of Pennsylvania, Department of Transportation v. Cantono W. & Sons, Inc.*, 140 Pa. Commonwealth Ct. 424, 593 A.2d 26 (1991). Section 1–611 of the Code provides, in pertinent part:

> Compensation for delay in payment shall, however, be paid ... from the date of relinquishment of possession of the condemned property, or if the condemnation is such that possession is not required to effectuate it, then delay compensation shall be paid from the date of condemnation.

Thus, in accordance with the ordinary meaning of the terms of section 1–611, the date a petition for appointment of a board of

3. Act of June 22, 1964, Spec.Sess., P.L. 84, *as amended*, 26 P.S. § 1–101 et seq.

4. Where, as here, the trial court makes no independent findings of fact, our scope of review is limited to determining whether the trial court committed an abuse of discretion or an error of law. *Commonwealth of Pennsylvania, Department of Transportation v. Dixon Ticonderoga Company*, 93 Pa.Commonwealth Ct. 53, 500 A.2d 938 (1985).

viewers is filed is irrelevant for purposes of computing compensation for delay.

■ The rationale given by the trial court in support of its decision evidences confusion in the law concerning the issue of possession in this context. Specifically, the trial court states, "[t]his [c]ourt, however, does not consider it a 'delay in payment' for property owners to remain in possession of their property for a long period of time prior to filing a Petition for the Appointment of Viewers, yet claim delay compensation for the period." Trial Court Opinion at 6.

Contrary to the trial court's position, a landowner is no longer considered to be in possession within the meaning of section 1–611 when he is deprived of the full and normal use of his property. *Hughes v. Commonwealth of Pennsylvania, Department of Transportation,* 514 Pa. 300, 523 A.2d 747 (1987). This court has previously determined that once an avigational easement is taken, the landowner is deprived of the beneficial use and enjoyment of his property, and is therefore no longer in possession. *See Erie Municipal Airport Authority v. Agostini,* 127 Pa.Commonwealth Ct. 360, 561 A.2d 1281 (1989) (when extension of airport runway became operable, *de facto* taking of neighboring property occurred, and thus statute of limitations applicable to a taking applied); *In re Condemnation by the County of Allegheny,* 63 Pa.Commonwealth Ct. 99, 437 A.2d 795 (1981) (substantial evidence supports trial court's conclusion that a *de facto* taking occurred when Allegheny County began operation of its new runway).

■ Therefore, we conclude that delay compensation is payable to Condemnees from the date of relinquishment of possession, which under the facts of this case is the date of the *de facto* taking, April 18, 1980. On that day, Allegheny County, without filing declarations of taking, took possession of the avigational easements in question, thus depriving Condemnees of the beneficial use and enjoyment of their property.

Accordingly, the order of the trial court is reversed.

544

## ORDER

AND NOW, February 18, 1993, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed.