986 A.2d 190 (2009)
In re CONDEMNATION OF PROPERTY LOCATED IN LOWER WINDSOR TOWNSHIP, York County, Pennsylvania, for the Purpose of Creating Public Recreation Areas Pursuant to Section 2501 of the County Code.
Lauxmont Holdings, LLC, Condemnee
v.
County Of York, Condenmor.
Appeal of: Lauxmont Holdings, LLC.
No. 2080 C.D. 2008.
Commonwealth Court of Pennsylvania.
Argued September 17, 2009.
Decided December 3, 2009.
*191 Herbert Bass, Philadelphia, for appellant, Lauxmont Holdings, LLC.
William P. Bresnahan, Pittsburgh, for appellee, County of York.
BEFORE: LEAVITT, Judge, and BUTLER, Judge, and McCLOSKEY, Senior Judge.
OPINION BY Judge BUTLER.
Lauxmont Holdings, LLC (Lauxmont) appeals the October 2, 2008 order of the Court of Common Pleas of York County (trial court) denying a request to compel payment of interest on delay compensation paid on estimated just compensation (EJC) by the County of York (County). The issues before this Court include: 1) whether delay compensation is due at the same time as the EJC payment or at the time of the final award of compensation, and 2) if delay payment is due at the same time as the EJC payment, whether the condemnee may claim interest on the delay compensation amount if it is not paid on time. For the following reasons, we affirm the trial court.
On May 5, 2004, the County exercised its power of eminent domain to acquire property owned by Lauxmont. Lauxmont relinquished possession of the property on November 9, 2005. The County paid Lauxmont $2,000,000 as EJC on November 23, 2005, based on an appraisal by Elliot Weinstein (Weinstein). Lauxmont believed that this amount was grossly inadequate. In October of 2006, a Board of Viewers held hearings on the amount of just compensation to be awarded to Lauxmont. The Board of Viewers determined that the EJC should have been $10,500,000. Both parties appealed the decision to the trial court.
Following the issuance of the Board of Viewers' report, the County hired a new attorney who recognized that Weinstein's appraisal grossly underestimated the value of the property. Weinstein was fired, and the County requested that the EJC petition be held in abeyance until three new appraisals could be obtained. Each of the new appraisals valued the property in a range from $7,500,000 to $7,950,000. On September 20, 2007, the County paid Lauxmont an additional $5,500,000 as the revised EJC. There is no dispute that the County owed Lauxmont delay compensation on the $5,500,000, which was determined to be $869,302 by both parties. On December 10, 2007, Lauxmont filed a petition to compel payment of the delay compensation on the EJC. On March 18, 2008, the trial court denied Lauxmont's motion to compel payment.
On July 7, 2008, the case proceeded to a jury trial which ultimately awarded Lauxmont $17,250,000 as just compensation for the taking of its property. Neither the County nor Lauxmont appealed the verdict. On August 13, 2008, the County paid the delay compensation on the revised EJC for the period from November 9, 2005 (the date possession was relinquished) through September 20, 2007 (the date the County paid the revised EJC), i.e., the $869,302 determined by the parties to be the delay compensation on the revised EJC.[1] Lauxmont, however, had already filed a post-trial motion to require the County to pay $64,208 as of July 31, 2008, plus $196 per diem thereafter, as interest on the $869,302 portion of the delay compensation paid. The trial court denied the motion, and Lauxmont filed an appeal with *192 this Court.[2]
Lauxmont argues that the County was required to pay the delay compensation of $869,302 on September 20, 2007, the date of payment of the revised EJC, as the parties were then able to calculate the delay compensation due. Because the delay compensation was not paid at that time, Lauxmont argues that as a matter of due process, it is entitled to interest on the delay compensation covering the period from September 20, 2007, to August 13, 2008, the date that the delay compensation was ultimately paid. We disagree with Lauxmont. The mere ability to calculate a debt as of a date certain, does not mandate payment as of that date under constitutional or statutory law.
Section 713(a) of the Eminent Domain Code (Code),[3] 26 Pa.C.S. § 713(a), states:
Compensation for delay in payment shall be paid at an annual rate equal to the prime rate as listed in the first edition of the Wall Street Journal published in the year, plus 1%, not compounded, from:
(1) the date of relinquishment of possession of the condemned property by the condemnee; or
(2) if possession is not required to effectuate condemnation, the date of condemnation.
Further, Section 713(c) of the Code[4] provides:
Compensation for delay shall not be included by the viewers or the court or jury on appeal as part of the award or verdict but shall, at the time of payment of the award or judgment, be calculated under subsection (a) and added to the award or judgment. There shall be no further or additional payment of interest on the award or verdict.
The Code establishes that delay compensation is payable for any late payment of just compensation for a taking, and that the compensation is calculated from the time the property was relinquished *193 until the time the money has been paid. Nothing in the Code, nor the comments thereto, require more than one payment of delay compensation. Said payment is to occur "at the time of payment of the award or judgment." Section 713(c). Nor is there anything in the Code that specifically requires the payment of EJC delay compensation at a time different from delay compensation on the entire award provided for in Section 713 of the Code. Thus, Lauxmont's demand for interest on the delay compensation is a demand for interest on interest, which is neither authorized nor required under the Code.
In the present case, the fact that Lauxmont and the County came to an agreement on the compensation owed on the $5,500,000, delayed due to an inaccurate appraisal, is of no consequence. The County owes Lauxmont delay compensation on the awarded amount of $17,250,000. Section 713 of the Code determines how the delay compensation will be calculated, i.e., the amount of delay compensation on $5,500,000 from November 9, 2005 (date possession was tendered) through September 20, 2007 (date $5,500,000 was paid), and the amount of compensation on the difference in just compensation awarded and EJC of $9,750,000 from November 9, 2005 (date possession was tendered) through July 16, 2008 (date of jury award of just compensation).[5] Therefore, the Code does not require that delay compensation is due at the same time that the EJC was paid.
Because this is a case of first impression, we will discuss the issue of interest on delay compensation even though the issue is moot in light of the determination that the delay compensation was not due at the same time as the payment of the EJC. Lauxmont stated in its brief: "Condemnee is not seeking `further or additional payment of interest on the award or verdict.' Rather, Condemnee is seeking payment of interest solely on the delayed payment of the Revised EJC Delay Compensation." Appellant's Br. at 22 (emphasis added).
There is case law and evidence of legislative intent that clearly indicates interest is not allowed to be collected on delay compensation. For example, the 1964 Joint State Government Commission Comment (1964 Comment) to 26 Pa.C.S. § 713, and Section 611 of the former Eminent Domain Code[6] states: "In other words, it is not intended by this section to have interest being paid on delay compensation." Further, the Pennsylvania Supreme Court held: "Although we have altered the method of calculation, there is no reason for striking the General Assembly's policy against imposing double interest on an award." Hughes v. Dep't of Transp., 514 Pa. 300, 312, 523 A.2d 747, 753 (1987). Finally, this Court has reversed the trial court for assessing interest on delay compensation based upon the 1964 Comment. See Pennsylvania Game Comm'n v. 21.1 Acres of Land in Washington Twp., Butler County, 94 Pa.Cmwlth. 49, 502 A.2d 774 (1986); Dep't of Transp. v. Dixon Ticonderoga Co., 93 Pa.Cmwlth. 53, 500 A.2d 938 (1985). Therefore, Lauxmont may not claim interest on delay compensation Lauxmont is owed.
For the reasons above, the trial court's decision is affirmed.

*194 ORDER

AND NOW, this 3rd day of December, 2009, the October 2, 2008 order of the Court of Common Pleas of York County is affirmed.
NOTES
[1] This payment was only a part of the County's total delay compensation that was paid on the final just compensation award of $17,250,000.
[2] "In eminent domain cases our review is limited to determining whether ... the trial court committed an abuse of discretion or an error of law and where the trial court makes findings of fact, we have to determine whether... such findings are supported by competent record evidence." Dep't of Transp. v. Dixon Ticonderoga Co., 93 Pa.Cmwlth. 53, 500 A.2d 938, 940 n. 6 (1985).
[3] The effective date of Section 713 of the Eminent Domain Code, is September 1, 2006. Before that date, Section 611 of the prior Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, as amended, formerly 26 P.S. § 1-611, was applicable. That section, which has since been repealed, stated as follows:

The condemnee shall not be entitled to compensation for delay in payment during the period he remains in possession after the condemnation, nor during such period shall a condemnor be entitled to rent or other charges for use and occupancy of the condemned property by the condemnee. Compensation for delay in payment shall, however, be paid at the rate of six per cent per annum from the date of relinquishment of possession of the condemned property by the condemnee, or if the condemnation is such that possession is not required to effectuate it, then delay compensation shall be paid from the date of condemnation: Provided, however, that no compensation for delay shall be payable with respect to funds paid on account, or by deposition in court, after the date of such payment or deposition. Compensation for delay shall not be included by the viewers or the court or jury on appeal as part of the award of verdict, but shall at the time of payment of the award of judgment be calculated as above and added thereto. There shall be no further or additional payment of interest on the award or verdict.
Pittsburgh North, Inc. v. Dep't of Transp., 514 Pa. 316, 319, 523 A.2d 755, 757 (1987) (emphasis omitted). As the dates herein straddle both sections, both sections apply for their respective time periods.
[4] 26 Pa.C.S. § 713(c).
[5] There is no mention in either party's brief concerning the payment of the just compensation or delay compensation for the additional $9,750,000 awarded to Lauxmont.
[6] Act of June 22, 1964, Special Sess., P.L. 84, as amended, formerly 26 P.S. § 1-611, repealed by the Act of May 4, 2006, P.L. 112.