# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

C.T. Fuller a/i/a C. Thomas Fuller　　:
and WBF Associates, L.P.　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　v.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
Lehigh-Northampton Airport　　　　:
Authority　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:　No. 2106 C.D. 2016
Appeal of:  WBF Associates, L.P.　　:　Argued:  September 11, 2017


BEFORE:　HONORABLE RENÉE COHN JUBELIRER, Judge
　　　　　HONORABLE JOSEPH M. COSGROVE, Judge
　　　　　HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION
BY JUDGE COSGROVE　　　　　　　FILED:  November 1, 2017


WBF Associates, L.P. (WBF) appeals from a December 1, 2016 order of the Lehigh County Court of Common Pleas (trial court) which directed WBF to refund $77,315.08 to the Lehigh-Northampton Airport Authority (Airport Authority) and released to the Airport Authority $580,041.00 held in escrow.

On September 27, 1990, WBF purchased from C. Thomas Fuller (Fuller) a 632-acre tract of undeveloped farmland located north of the Lehigh Valley International Airport (Airport), upon which WBF intended to build a planned residential development (PRD).  Fuller held a first mortgage on the property in the amount of $3,075,850.00.  Fuller also granted to WBF a $300,000.00 line of credit secured by a second mortgage.  WBF entered into a joint venture agreement with Lanid Corporation (Lanid) for purposes of building the PRD.  In January of 1994, the Airport Authority announced a proposed expansion of the Airport.  This expansion involved acquiring approximately 1,500 acres, which included the

entirety of the property purchased by WBF. After the Airport Authority began to acquire land which adjoined WBF's property, Lanid terminated its joint venture agreement. Unable to move forward with its development project due to lack of funding, WBF defaulted on its first and second mortgages.

On September 30, 1996, WBF filed a Petition for Appointment of a Board of Viewers, alleging a *de facto* taking of its property as a result of the Airport Authority's announced expansion project. The trial court granted the Petition on June 15, 1998. This Court affirmed in a published opinion filed May 26, 1999. *Lehigh-Northampton Airport Authority v. WBF Associates, L.P.*, 728 A.2d 981 (Pa. Cmwlth. 1999)(*WBF I*). By agreement of the parties, the Airport Authority paid to Fuller estimated just compensation (EJC) in the amount of $3,150,000.00.

The matter finally proceeded to trial in 2008, after which a jury returned a verdict of $10,410,000.00 as just compensation for the Airport Authority's *de facto* taking of WBF's property. An evidentiary hearing was held May 2, 2008 to receive evidence on delay compensation, mortgage interest, and attorneys' fees payable to WBF. The trial court entered an order dated September 17, 2008 which molded the verdict to award WBF $9,503,426.00 of delay compensation from September 30, 1996 through August 31, 2008, accruing thereafter at the rate of prime plus 1%, $6,898,658.00 in mortgage interest from September 30, 1996 to August 31, 2008, with interest accruing thereafter at a rate of $1,462.81 per day; and $437,125.02 for attorneys, engineering, and appraisal fees through March 31, 2008. The total molded verdict was $24,099,236.02, after deduction of the $3,150,000.00 paid to Fuller as EJC. Judgment was entered against the Airport Authority in the amount of $24,219,887.61, reflecting additional interest which accrued after the September 17, 2008 order. This Court affirmed the trial court's order on April 28, 2009. *In re*

*DeFacto Condemnation and Taking of Lands of WBF Associates, L.P.*, 972 A.2d 576 (Pa. Cmwlth. 2009)(*WBF IV*).

On January 12, 2011, the parties filed a joint stipulation (Stipulation) which, in pertinent part, established the amounts due WBF by the Airport Authority. Those amounts were established as follows: $9,963,393.47 remaining of the jury verdict for just compensation; $5,176,486.25 remaining of delay compensation; and $644,268.13 of attorneys, engineering, and appraisal fees, which amount included post-verdict costs. The Stipulation was approved and entered as an order of the trial court on January 13, 2011.

The trial court entered an order dated October 12, 2011 directing a schedule of payments for the remaining sums owed WBF. Pursuant to this order, the Airport Authority was to pay WBF $2,000,000.00 no later than December 1, 2012, $3,000,000.00 no later than December 1, 2013, $5,000,000.00 no later than December 1, 2014, and the entire balance still due no later than December 1, 2015. The Airport Authority was further directed to pay any additional counsel fees, costs of WBF, and Master's fees as might be further ordered by the court.

On August 18, 2015, WBF filed a Motion for entry of an Order declaring the amount due from the Airport Authority and requesting other relief. Following oral argument, the trial court, by order and opinion filed October 19, 2016, directed that the Airport Authority's payments made subsequent to November 15, 2010 should be applied first toward satisfaction of the just compensation award, then toward reimbursement of attorneys, engineering, and appraisal fees, then toward delay compensation. The Airport Authority was ordered to submit a schedule of all payments made since November 15, 2010 and a proposed allocation of such payments consistent with the trial court's October 19, 2016 order. On December 1, 2016, the trial court ordered WBF to refund to the Airport Authority

an overpayment in the amount of $77,315.08 and directed the Airport Authority to release to itself $580,041.00, plus any interest accrued thereon, held in escrow pending resolution of the matter. This appeal followed.[1]

## Discussion

As set forth in WBF's brief, the following issues are raised:

I. When a condemnor is allowed to satisfy a judgment through installment payments, should those payments be applied first to principal, with no interest accruing on the previously accrued interest, and in so doing deprive the property owner of full and fair compensation for the taking of his land, also lowering the rate of interest paid to the property owner below the prime-plus-one-percent rate required under 26 Pa.C.S.A.[sic] Section 713?

II. Is [the Airport Authority] barred and precluded by the doctrines of judicial estoppel, collateral estoppel, law of the case and/or *res judicata,* from now contending that its installment payments should have been applied first to principal and then to interest, after [the Airport Authority] had previously entered into a stipulation, adopted as an order of court, agreeing that a substantial prior payment should be applied to interest before principal?

(WBF's Brief at 5.)

First, WBF argues payments by the Airport Authority should be applied first to accrued interest and, after interest has been paid in full, against the principal.

---

[1] In eminent domain cases, this Court reviews whether the trial court committed an abuse of discretion or an error of law. When an appeal presents a question of law, such as statutory interpretation, our scope of review is plenary. *Lang v. Department of Transportation*, 135 A.3d 225 (Pa. Cmwlth. 2016).

To apply payments first to the principal, then to interest accrued, results in the condemnee receiving less than the interest rate set forth in the Eminent Domain Code (Code).[2] Nothing in the Code, WBF argues, alters the rule of law that requires payment of interest owed before application of moneys to the outstanding principal.

The Airport Authority argues payments are to be applied first in satisfaction of the just compensation award; only after the just compensation is paid is delay compensation calculated and payments applied thereto. WBF's application of payments reflects compounding of interest, which is specifically prohibited by Section 713(a) of the Code. The Airport Authority cites this Court's decision in *Lang v. Department of Transportation*, 135 A.3d 225 (Pa. Cmwlth. 2016) as supporting its position.

Section 713(a) of the Code provides that "[c]ompensation for delay in payment shall be paid at an annual rate equal to the prime rate as listed in the first edition of the Wall Street Journal published in the year, plus 1%, not compounded…" 26 Pa.C.S. § 713(a). Delay compensation shall be paid from the date possession of the condemned property is relinquished by the condemnee or the date of condemnation, if possession is not required to effectuate condemnation. *Id.* Section 713(c) provides that delay compensation is calculated at the time of payment of the award or judgment and "[t]here shall be no further or additional payment of interest on the award or verdict." 26 Pa.C.S. § 713(c).

---

[2] 26 Pa.C.S. §§ 101 – 1106. The current incarnation of the Code applies to condemnations occurring on or after September 1, 2006, and this matter arose more than a decade prior to that date. Therefore, the provisions of the repealed Code apply to this case. *See* Eminent Domain Code of 1964, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§ 1-101 – 1-901, repealed by Act of May 4, 2006, P.L. 112, No. 34, § 5(2). An exception to the applicability of the repealed Code is Section 713(a), which applies to "all periods of time after the effective date of this section with respect to condemnations effected prior to the effective date of this section." Act of May 4, 2006, P.L. 112, No. 34, § 6(2).

In *Lang*, the Department of Transportation (DOT) filed a declaration of taking relating to property owned by Andrew Lang (Lang). DOT paid Lang $2,000,000.00 as EJC. Following a jury trial, Lang was awarded $3,750,000.00 as just compensation for his property. The parties stipulated to the date of DOT's possession of the property, selected the date upon which final payment was to be made to Lang, and set an interest rate for delay compensation. The parties did not agree on the amount of delay compensation due. Lang argued delay compensation should be calculated consistent with commercial loans, with payments first applied to interest, and then to principal, and DOT's initial payment of EJC should have been applied to delay compensation calculated on that date. This Court explained that calculation of the delay compensation could not be calculated when the EJC was paid because payment of EJC did not constitute "payment of the award or judgment" under Section 713(c) of the Code. *Lang*, 135 A.3d at 230. No award or judgment existed at the time the EJC payments were made.

WBF argues *Lang* is distinguishable because it involved application of a payment of EJC, whereas, in the case *sub judice*, application of the Airport Authority's payment of EJC is not at issue. Rather, WBF asserts that the issue presented here relates solely to payments made in connection with an installment payment plan to satisfy a judgment entered in 2008. WBF denies its calculations result in compounding of interest. To the contrary, WBF has calculated the delay compensation based on the remaining principal owed, and has not rolled forward any accrued interest when making those calculations.

We agree *Lang* is distinguishable from the facts presented here as that case focused on a payment of EJC and calculation of delay compensation. Further, the appellant in *Lang* was clearly attempting to collect compound interest. Despite the characterization of its first question presented, WBF asserts it is not attempting

6

to collect compound interest, a request of which is clearly not permitted by Section 713 of the Code and this Court's decision in *In re Condemnation of Property Located in Lower Windsor Township*, 986 A.2d 190 (Pa. Cmwlth. 2009) (interest on interest is not authorized or required under the Code). WBF's assertion appears to be correct. Clearly, however, WBF benefits from a different payment scheme because delay compensation will accrue on the larger balance of just compensation remaining after monies are applied first to delay compensation.

The authority upon which WBF relies is somewhat sparse. WBF merely contends the payment scheme adopted by the trial court does not allow it to receive full and fair compensation, in contravention of case law generated by WBF's own litigation. The fundamental principle behind accrual of delay compensation "arises because a property owner is not fully compensated for [his or her] loss unless [he or she] receives, not only the value of [the] property, but receives it as nearly as may be to the date of the loss." *In re De Facto Condemnation and Taking of Lands of WBF Associates, L.P. ex rel. Lehigh-Northampton Airport Authority*, 903 A.2d 1192, 1199 (Pa. 2006)(*WBF III*). WBF has not alleged that the specific interest rate applied by the Airport Authority is less than that set forth in the Code, only that it is not receiving the total amount of interest it believes is due. It is not clear, therefore, how WBF is receiving less than its statutory right.

As evidenced by a statutory scheme which disallows compound interest, delay compensation is not to be treated like a commercial loan. Where public funds are used to pay down a debt, logic tells us that delay compensation should be limited to the extent possible. We are not persuaded by WBF's argument that the payment of delay compensation should be guided by practices utilized for the payment of commercial loans. As our Supreme Court has stated, a property owner should receive the value of his or her property *as nearly as may be to the date*

7

*of the loss. WBF III.* An allocation of payment for a matter arising under the Code must effectuate this principle by first reducing the balance of just compensation owed, followed by any accrued delay compensation.

Next, WBF argues the Stipulation, specifically, paragraph 4 of that document, evidences an agreement by the parties that payments will be made first to outstanding and accruing delay compensation and then to the principal debt owed. The Airport Authority responds that at no point does the Stipulation require payment of delay compensation prior to satisfaction of the just compensation award.

Paragraph 4 of the Stipulation provides as follows:

> [The Airport Authority] and WBF agree that the amount owed by [the Airport Authority] to WBF as of November 15, 2010 – assuming [the Airport Authority] timely and fully pays Fuller all monies owed to him under Fuller/[the Airport Authority] Settlement – is $15,784,147.85, consisting of: (a) $9,963,393.47 remaining of the jury verdict for just compensation; (b) $5,176,486.25 remaining of delay damages; and (c) $644,268.13 of attorneys, engineering and appraisal fees and costs, consisting of $437,125.02 which was part of the Judgment and $207,143.11 of additional post-Molded Verdict attorneys, engineering and appraisal fees and costs (with WBF reserving the right to pursue recovery and collection of post-November 15, 2010 attorneys, engineering and appraisal fees and costs, with [the Airport Authority] reserving the right to dispute any such amounts sought) and with WBF being entitled to recover applicable post-November 15, 2010 delay damages. Provided further, WBF contends that it is owed, which [the Airport Authority] disputes – and WBF reserves the right to pursue, initially before the Master appointed pursuant hereto, collection of – recovery of post-judgment interest at the statutory rate of six (6%) percent per year on the aforesaid $437,125.02 portion of the Judgment, as well as pre-and post-Judgment interest on the post-March 31,

2008 attorneys', engineering and appraisal fees incurred in connection with this proceeding as well as in the *de facto* taking case. [The Airport Authority] reserves the right to dispute any attempt by WBF to claim or collect, either in this case or in the *de facto* taking case, interest on attorneys, engineering and appraisal fees incurred in connection with this proceeding and/or the *de facto* taking case. US Bank and Fuller agree that they will not challenge any amount stipulated to in this paragraph and reserve the right to challenge the recovery of any amount not stipulated to in this paragraph.

(Reproduced Record (R.R.) at 161a-162a.)

WBF's reliance on the Stipulation is misplaced. WBF references payments which reflect that, when the Airport Authority made its first payment following entry of the October 10, 2008 judgment, credit was first applied to mortgage interest owed to WBF and the balance applied to the delay compensation balance existing at that time, with no portion of the payment being applied to the principal. WBF argues that, having previously agreed to pay mortgage interest first and delay compensation second, the Airport Authority is barred from suggesting a different payment scheme. The Stipulation, however, does not explicitly provide for any particular distribution and order of payments, nor does it explicitly reference prior payments and suggest the remainder of the Airport Authority's obligations should follow that lead. Merely because the parties agreed to pay mortgage interest, which accrued on the principal debt of outstanding mortgages held by Fuller, before applying payment to the principal due does not indicate a willingness to treat delay compensation, which is purely a creature of statute, in the same manner.

WBF points out that the amount of delay compensation was frozen as of November 15, 2010, but it did not receive payment of that amount until years later. Section 713 of the Code does not address installment payments, but provides

that delay compensation is calculated at the time of payment of the award or judgment. Per the trial court's October 12, 2011 order, the Airport Authority was to pay its award in four installments. (R.R. at 78a-79a.) Under paragraph 4 of the Stipulation, WBF is entitled to recover applicable post-November 15, 2010 delay compensation. *Id.* at 161a-162a. A review of the Airport Authority's payment allocation chart indicates an accrual of additional delay compensation following each installment payment. *Id.* at 237a.

WBF is unquestionably entitled to delay compensation. It is not entitled to the greatest amount of delay damages possible. The fact that WBF will have realized something less than the greatest sum of delay compensation possible does not render the amount received less than what is required to fully compensate WBF for its loss.

For these reasons, the order of the trial court is affirmed.


_____
JOSEPH M. COSGROVE, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

C.T. Fuller a/i/a C. Thomas Fuller : 
and WBF Associates, L.P. :
         :
         v. :
         :
Lehigh-Northampton Airport :
Authority :
         :    No. 2106 C.D. 2016
Appeal of:  WBF Associates, L.P. :

# O R D E R

AND NOW, this 1st day of November, 2017, the order of the Court of Common Pleas of Lehigh County is affirmed.

_____
JOSEPH M. COSGROVE, Judge